Mr. Justice SWAYNE-
 

 delivered the opinion of the court:
 

 The defendant in error insists that , all the work he was required to do is set forth in the specifications,'and that, having fulfilled his contract in a workmanlike manner, he is not responsible for defects arising from a cause of which he was ignorant, and which he had no agency in producing.
 

 Without examining the soundness of this proposition, it is sufficient to say that such is not the state of the case. The specifications and the instrument to which they are annexed constitute the contract. They make a- common context, and must be construed together. In that instrument the defendant in error made a covenant.
 
 *
 
 That covenant it was his duty to fulfil, and he was bound to do whatever was necessary to its performance. Against the hardship of the case he might have guarded by a provision in the contract. Not having done so, it is not in the power of this court to relieve him. He did not make that part of the building “ fit for use. and occupation.” It could not be occupied with safety to the lives of the inmates. It is a well-settled rule of law, that if a party by his contract charge himself with an obligation possible to be performed, he must make it good, unless its performance is rendered impossible by the act of God, the law, or the other party. Unforeseen difficulties,however-great, will not excuse him.
 
 †
 

 
 *8
 
 The application of this- principle to the class of cases to which the one under consideration belongs is equally well settled. If a tenant agree to repair, and the tenement be burned down, he is bound to rebuild.
 
 *
 
 A company agreed to build a’ bridge in a substantial manner, and to keep it in repair for a certain time. A flood carried it away. It was held that the company was bound to rebuild.
 
 †
 
 A person contracted to build a house upon the land of another., Before it was completed it was destroyed by fire. It was held that he was not thereby excused from the performance of his contract.
 
 ‡
 
 A party contracted to erect and complete a build-ingon a certain lot. By reason of a latent defect in soil the building fell down before it was completed. It was held
 
 (School Trustees
 
 v. Bennett,
 
 §
 
 a case in New Jersey, cited by counsel), that the loss must be borne by the contractor. The analogies between the case last cited and the one under consideration are very striking. There is scarcely a remark in the judgment of the court in that case that does not apply here. Under such circumstances equity cannot interpose.
 
 ||
 

 The principle which controlled the decision of the cases referred to rests upon a solid foundation of reason and justice. It regards the sanctity of contracts. It requires parties to do what they have agreed to do. If unexpected impediments lie in the way, and a loss must ensue, it leaves the loss where the contract places it. If the parties have made no provision for a dispensation-, the rule of law gives none. It does not allow a contract fairly made to be- annulled, and it does not permit, to be interpolated what the parties themselves have not stipulated.
 

 "We are of opinion that the plaintiff below was entitled to recover, but that the court, in denying to- the defendant the right of recoupment, committed an error which fe'fatal to the judgment.
 

 
 *9
 
 We might here terminate our examination of the case; but as it will doubtless be tried again, — and the record presents several other points to which our attention has been directed, — we deem it proper to express our views upon such of them as seem to be material.
 

 While a special contract remains executory the plaintiff must sue upon it. When it has been fully executed according to its terms, and nothing remains to be done but the payment of the price, he may sire on the contract, of in
 
 in~ debitatus assumpsit,
 
 and rely upon the common counts. In either case the contract will determine the rights of the parties;
 

 When he has been guilty of fraud, or has wilfully abandoned the work, leaving it unfinished, he cannot recover in any form of action. Where he has in- good faith fulfilled, but not in the manner or not within the time prescribed by-the contract, and the other party has sanctioned or accepted the work, he may recover upon the common counts in
 
 inde-bitatus assumpsit.
 

 He must produce the contract upon the trial, and it will be applied as far as it can he traced; but if, by the fault of the defendant, the cost of the work or materials has been increased, in so far, the jury will be warranted in departing from the contract prices. In such cases the.defendant is entitled to recoup for the damages he may have sustained by the plaintiff’s deviations from the contract, not induced by him-' self, both as to the mahner and time of the performance.
 

 There is great conflict and confusion in the authorities upon this subject. The propositions we have laid down are reasonable and just, and they are sustained by a preponderance of the best considered adjudications.
 
 *
 

 Judgment eeveesed, and the cause remanded for further proceedings in conformity with this opinion.
 

 *
 

 See
 
 supra,
 
 p. 2.
 

 †
 

 Paradine
 
 v.
 
 Jayne, Alleyn, 27; Beal v. Thompson, 3 Bosanquet & Puller, 420; Beebe
 
 v.
 
 Johnson, 19 Wendell 500; 3 Comyn’s Digest, 93.
 

 *
 

 Bullock
 
 v.
 
 Dommett, 6 Term, 650.
 

 †
 

 Brecknock Company
 
 v.
 
 Pritchard, Id. 750.
 

 ‡
 

 Adams
 
 v.
 
 ÍTickols, 19 Pickering, 275; Bumhy
 
 v.
 
 Smith, 3 Alabama, 123, is to the same effect.
 

 §
 

 3 Dutcher, 613.
 

 ||
 

 Gates
 
 v.
 
 Green, 4 Paige, 355; Holtzaffel
 
 v.
 
 Baker, 18 Yesey, 115.
 

 *
 

 Cutter
 
 v
 
 Powell, 2 Smith’s Leading Cases, 1, and notes; Chitty on Contracts, 612, and notes.