# HUGH HUGHES

*vs.*

## JOHN E. ESCHBACK.

1. Assumpist will lie by a contractor who has in good faith performed his work, though not in the manner nor within the time prescribed by the contract, if the other party has sanctioned or accepted the work; and the contract will be applied by the court as far as it can be traced.
2. The irregularity of filing an amended declaration without leave of court is cured by pleading to it.
3. A summary of an account made by a witness from the defendant's account books is inadmissible as evidence.
4. Where one contracts to make payment by the delivery of certain municipal securities it is no defense that at the time the payment became due their delivery was rendered impossible by the fact that the municipality had failed to issue them, for he binds himself at his own risk for the act of the municipality.
5. A tender of chattels, or other property not money, in order to be a bar to an action, or amount to payment, must be made in such manner as to vest the property in the creditor and enable him to recover it in a future action.
6. Where a tender is relied on as a defense it must be pleaded.

At Law.　No. 4349.　Decided January 17, 1870.

MOTION for a new trial on a bill of exceptions in an action of assumpsit.

THE FACTS are stated in the opinion.

Mr. NATHANIEL WILSON for plaintiff.

Mr. R. J. BRENT for defendant.

Mr. Justice WYLIE delivered the opinion of the Court:

The defendant was a contractor with the corporation of Washington to pave H and I streets north, for a part of their lengths, with stone. On the 15th of May, 1867, he entered into a written contract under seal with the defendant to furnish him with a sufficient quantity of stone for the work on H street, between 14th and 19th streets, for $3.50 a perch, street measure; the stone to be delivered at the rate of not less than 200 perches a week.

For this Eschback covenanted to pay one-half in cash, and the other half by transferred assessments on the property bordering on said street; and settlements were to be made monthly from the date of the first delivery of the stone, the delivery to commence on or about the 20th of May.

There was also a parol agreement for the delivery of paving stone for the work on I street, at the same price, under which a quantity of the same was delivered by the plaintiff.

Although the contract relating to stone for H street was a contract under seal, and the amount required and furnished for that street was greatly in excess of that furnished for I street, yet the plaintiff selected assumpsit as the form of his action, and filed his declaration in the common counts.

This he had a right to do under the doctrine laid down in Dermott *vs.* Jones, 2 Wall., 1, where it was decided a contractor who has in good faith performed his work, but not in the manner nor within the time prescribed by the contract, and the other party has sanctioned or accepted the work, he may recover upon the common counts *in indebitatis assumpsit*; but he must produce the contract at the trial, and it will be applied as far as it can be traced.

Before the defendant had pleaded to this declaration the plaintiff filed in the cause an amended declaration, but without the leave of the court, so far as appears. However, the defendant, having pleaded to the declaration, had waived this irregularity.

This amended declaration contains two counts, one of them in covenant, on the contract under seal already referred to, and the other in assumpsit on a parol agreement alleged for the sale and delivery of paving stone to be used on I street by the defendant.

To the common counts defendant pleaded, first, that he was never indebted to the plaintiff as alleged, and, second, that the plaintiff was indebted to him in the sum of $19,000,

which he was willing to have set off against the $18,000 claimed by the plaintiff; and issue was joined, although there was no replication by the plaintiff to the plea of set off.

Subsequently to this the defendant filed a number of special pleas to the plaintiff's amended declaration.   To the count in covenant on the written contract, he pleaded that the plaintiff had failed to perform his part of the contract, but does not specify in what particulars, and denies that he is indebted to the plaintiff.   He also denies that he refused to receive the paving stone mentioned in the contract from the plaintiff, and so admits that they were delivered ; and admits, by not denying it, that the contract set out in this count was the contract between the parties.

As to the pleas to the second count in the amended declaration, there are several of them, but they amount to nothing more than a denial of the agreement for the delivery of stone for I street, and of any liability on that account.

Issue was also joined on these pleas.   At the trial in the Circuit Court the plaintiff offered in evidence the contract under seal already referred to, and it was admitted by the court.   To this ruling defendant excepted.

Undoubtedly the decision of the court on this question was right.   It was not admissible, we think, under the count in covenant, which professes to set out its substance and legal effect, but fails to do so by reason of a wide and palpable variance; but it was competent in order to show the terms of the agreement, so far as they could be traced, to enable the plaintiff to recover under his common counts.

The second bill of exceptions taken by the defendant was to the admission in evidence "of a paper purporting to be a summary made by the witness, Kessler, from the book, of the amount of stone delivered from time to time by the plaintiff to the defendant."

This evidence, we think, was clearly inadmissible. The book itself, without other proof to support the truth of its entries, would not have been evidence, and a summary made from it by a third party who knew nothing on the subject would be still more objectionable.

The defendant's third bill of exceptions was to the admission of the testimony of one Jefferson Hughes, called by the plaintiff to prove that the plaintiff's employees were paid for their work by the perch.

This evidence, we think, was also inadmissible. The plaintiff was suing to recover from the defendant the contract price of the paving stone which he had delivered to the latter; and had already given in evidence the contract which in respect of the price was obligatory on both the parties. This evidence, so far as we can see, could have no proper influence on the issue under trial, and was wholly irrelevant.

The fourth and fifth of defendant's bills of exception were not insisted on in the argument here, and were clearly without foundation. In respect to these the rulings of the court were right.

After the plaintiff had closed the evidence on his part, the defendant then offered to prove by several witnesses that he had complied with his part of the contract by making all the cash payments as therein required, and as to the other half of the amount due, the plaintiff had made an offer to pay him in written orders on the city corporation, instead of the "transferred assessments," as provided for in the contract, which it was not possible for him to procure, because the city authorities had neglected to make them in time for that purpose; and that said plaintiff had refused to accept such orders in payment.

To this offer plaintiff objected; the objection was sustained by the court, and a bill of exceptions taken by the defendant.

We think the court was right in this ruling. At the time

the contract was entered into, the defendant was a contractor under the city to execute the paving on H and I streets. He covenanted with the plaintiff to pay him $3.50 a perch for the stone—one-half to be paid in money and the other half in transferred certificates of assessment made on the property on H street, and that settlements should be made monthly. By this we understand that payments were to be made monthly for all the stone which had been delivered during the preceeding month, and that consideration doubtless had an influence on the price which the plaintiff agreed to accept for the stone he was to deliver. If the defendant chose to bind himself for the act of the city, it was his own risk, perhaps his folly. The risk he took was known to him at the time. The result was the act of neither the Government nor the elements, which coming upon a party unforeseen and irresistible, will sometimes excuse from the performance of an impossibility.

Besides, although the tender of the orders in question may have been made previously to the bringing of the action, there was no tender of the orders in court, or afterwards. It is a fair presumption that in the meantime the orders had been collected by the defendant himself.

A tender of chattels, or other property not money, in order to be a bar to an action, or amount to payment must be made in such manner as to vest the property in the creditor, and enable him to recover its possession in a future action. See 2 Parsons on Contracts, 165, note *o*. It is not pretended that the offer in question transferred any such property in these orders to the plaintiff. Another reason for rejecting the evidence so offered by the defendant is that defendant had not pleaded a tender of the orders in question; and this is required in every case where the defendant would set it up in bar of the plaintiff's action.

*The judgment, however, in this case must be reversed for the errors indicated in other rulings at the trial, and a new trial awarded.*