Weldon, J.,
delivered the opinion of the court:
The petition alleges that, in the year 1875, the claimant performed a large amount of Scharf paving on the streets of Washington, under extension of certain contracts entered into with the District of Columbia. This suit was brought to recover a balance due, as is alleged, of $10,066.
*470 Under the extension of contract's, the claimant laid 51,830.84 square yards of Scharf pavement, for which he has been paid at the rate of $3 per yard. He was also paid the sum of $4,079.24 for grading and haul, and the sum of $1,247.25 as extra allowance for work on De Sales street, because of the peculiar character of the work, made necessary by the condition ot the street at the time the labor was performed.
He insists that under the contract he is entitled to the sum of $3.20 per square yard, the excavation, and haul, and that the Commissioners of the District had authority in law to make the allowance because of the peculiar hardship incident to work on De Sales street.
The defendant insists that claimant is only entitled in this-proceeding to $3 per yard, nothing for excavation and haul, and that the Commissioners exceeded their authority in the allowance of the $1,247.25 on said street.
On the 5th day of April, 1886, by consent of parties, this case was referred to Daniel Donovan, esq., who was directed to report the number of square yards of concrete pavement laid by the claimant for which he has only been allowed $3 per square yard, and for which he is entitled to an additional allowance of 20 cents per square yard, under the decision of the court in the case of Cranford & Hoffman v. The District of Columbia. On the 3d day of May, A. D. 1886, the said referee made a report, finding a balance in favor of the claimant of $7,816.40, the basis of which finding is an allowance to the claimant of 20 cents-per yard on the said 51,830.84, and a deduction from the same of $2,549.77 for the amount paid the claimant for grading, the same being less than 2 feet at every point on said work. Exceptions were filed to this report by both parties, the petitioner objecting to the deduction and the defendant finally to the report as a whole. Upon the trial of the cause the defendant, having obtained leave to do so, filed a counter claim charging the claimant with the amount allowed for the work on De Bales street.
In order to perfect the right of both sides to review the decision of this court by an appeal to the Supreme Court-, we have-found the facts as though no reference had been made; and although the case was tried on exceptions to the referee’s report without any request for findings, we have fully developed the-case by elaborate findings. The contracts extended, and upon *471 wbich this suit is prosecuted, are similar in terms to the contracts in the Cranford Case, and the findings in this case, so far as they are applicable to the subject-matter, are similar to the findings in that case.
The extension of the contracts provides :
“ It is further agreed that the said William C. Murdock shall receive the prices established and paid by the Board of Public Works for work of a similar character. The court finds in this case, as it found in the Cranford Case, that the price established and paid for Scharf pavement was $3.20, and that such price included 2 feet of grading.”
The original of Contract No. 916 provides:
“ Laying and putting’ down the Scharf concrete pavement, $3.20 per square yard, which shall include 2 feet of grading.”
Not only did the contract provide for $3.20, but the action of the Board, by payment and publication of prices, established $3.20 as the price of that class of pavement. There can be no serious question, both from construction and custom, as to the price to which the claimant is entitled for the 51,830.84 yards laid by him under the various extensions; but the contention arises as to what is the obligation of the party as to the grading. In the Cranford Case, upon a similar contract and finding, it was held by this court:
“ The work to be performed is an entirety, for which the claimant is to receive an entire sum as compensation. By the terms of the contract the claimants are to do an entire amount of work which may include 2 feet of grading or may be less than that amount, and for which, with that contingency, they are to receive the sum of $3.20 per square yard. The entirety of the compensation is not dependent upon whether the grading is exactly 2 feet or falls below that amount. The indication of the intent of the parties is, that the claimants were to do the necessary grading to the extent of 2 feet, and lay the pavement for au entire sum of -$3.20 per square yard. It is not a contract of distinct and separate parts, but a contract of legal unity, embracing a variety of matter; but in contemplation of law an indivisible whole.” (Cranford and Hoffman v. The District of Columbia, 20 C. Cls. Ik, 376.)
So it may be said in this case. The parties were to put down a certain characterof pavement for a certain price, which price is to bo taken as a compensation, and such compensation is to include the necessary grading, not exceeding 2 feet. The grading allowed the claimant was for grading which at no point *472 exceeded a depth of 2' feet. The amount of grading at the price allowed by the engineer amounted to the sum of $2,549.77, and the amount allowed to claimant for a haul over 200 feet is $1,529.47.
It will be seen by reference to the ninth finding, that at the time these extensions were made the Board of Public Works established and paid a compensation for haul over 200 feet, and the $1,529.47 was calculated upon that basis of compensation. It is insisted, upon the authority of the Cranford Case, that for all work'taken after the 28th of July, 1875, there can be a recovery for only $3 per yard. It is contended that on that day there was a settlement made as to the work embraced in the contract of May 20, 1875, on a basis of $3, and for all subsequent work the price is to be calculated on the basis of $3.
It is true, that on that day a receipt in full was given by the claimant on a payment made and calculated on the basis of $3; but it was not executed under the circumstances indicated by the facts of the Cranford Case, and can not be held as a compromise or settlement, or as indicative of the determination of the .Commissioners to change tbe rate for Scharf pavement. It was the act of the engineer or officer making out the account, with no power to change the rights of the parties. This court has had occasion to pass upon the force of a receipt in full in the case of Cape Ann Granite Company v. The United States (20 C. Cls. R., p. 1). It will be seen by reference to that case, and the authorities upon which itis based, that a receipt in full is not binding on the parties unless it is the result of a settlement involving the adjustment of differences by way of compromise and settlement. While the law encourages the adjustment of differences by the parties, a receipt in full is inoperative as an estoppel, unless it is based upon a state of facts indicating an adjustment of the claims of the parties.
The counter-claim, filed since the reference off the case, presents to the consideration of the court the question, how far had the Commissioners the right to bind the District by the payment of money in excess of; the contract price, after the completion of the contract, because of a condition of things not known or contemplated by the parties at the time the- contract was made ?
The payment of the $1,745.48 was made after the completion of the work, and when the rights of the parties became vested *473 as the result of that condition. Whatever was to be done afterward, by way of increasing the compensation, must be founded upon a gratuity, from the representatives of the District to the claimant, because of his misfortunes in the construction of the work. It is insisted by the claimant that the Commissioners had a legal right to consider the hardship of the situation, and pay to the claimant 50 cents additional for every square yard laid by him on the street affected by the difficulties of construction.
We are cited by counsel to Dillon’s Municipal Corporations, volume 1, section 477, as an authority to sustain the right of the Commissioners to make the allowance in controversy. A hasty examination of that authority, might induce the impression, that the adjudged cases go to the extent of holding that the agent of a municipal corporation, has a right to deal with the trust to the extent of alleviating the hardship of unforeseen circumstances in allowing pay (after- the completion of the contract) beyond the compensation fixed by the contract.
The communication of the claimant, bearing date on the 15th of December, 1875, indicates clearly the- character of his claim. He asked for a gratuity pure and simple; so that the allowance was not the result of-the settlement of a doubtful claim, but an act of kindness towards a party who had suffered from a condition of things, not anticipated in the making of the contract. We have examined all the authorities cited by the learned author, and do not find that any of them go to the extent of clothing a trustee with a right to increase the compensation without the consent of his principal. The Commissioners were dealing with a public trust, and must confine themselves within the boundary of power and discretion indicated by the character and nature of their trust. A trustee must be faithful to the legal rights of his principal, before he is generous to -the demand of others. There was no inducement, to operate on the mind of the authorities, in the line of the necessity or interest of the District, to justify them in making the allowance. The contract was fully performed, and there was not pending between the parties a doubtful claim which might be, or was, adjusted by the payment. If, while the work was in progress and because of the difficulties, the contractor was about to fail, then, in consideration of the public necessity, the Commissioners might have increased the *474 pay; but this case does not come to that standard, and can not be determined by tbe law applicable to that condition. The memorandum executed by the claimant and his sureties on the 17th of December, 1875, after the communication of the 15th and before the allowance of the additional compensation, does not increase the liability of the claimant, inasmuch as the legal essence of that agreement was already embraced in the ninth article of the original of contract 916.
There is no evidence that, as to the subject-matter of that memorandum, there ever had been any dispute between the parties, as to the intent and meaning of the agreement in relation to the obligation of the claimant to build an enduring and substantial pavement. He took upon himself by the letter of his obligation the responsibility of meeting just such difficulties as he had to encounter in the prosecution of the work, and having'agreed to construct a pavement upon a given street, he must bear the responsibility of the imperfect foundation. (Dermott v. Jones, 2 Wall., p. 1.) Such was evidently the construction of the contract as indicated by the acts of both parties.
Upon the whole case the court holds that the claimant is entitled to receive 20 cents per square yard for 51,830.84 yards, making $10,366.77; that he is to be charged with overpayment $2,549.77 for grading and $1,247.25 for extra allowance on De Sales street, leaving a balance in his favor of $6,569.75. [Roche v. The District of Columbia, 18 C. Cls. R., p. 217.) In justice to the referee we desire to say that, upon a full investigation of the case, we have adopted his findings upon all matters submitted to his determination.
The judgment of the court is that the claimant recover the sum of $6,569.75, due and payable as of the 1st day of November, 1875.
*475 CASES DECIDED IK THE SUPREME COURT ON APPEAL. OCTOBER TERM, 1886.