By the Court.—Freedman, J.
This action is for work done and materials furnished by the plaintiff under a contract made between him and the defendants.
By the said contract the plaintiff agreed “ to furnish and provide, at his own proper cost and expense, all the necessary materials and labor, and in a good, firm and substantial manner, and strictly in accordance with the following specifications and with the plans therefor filed in the office of the Commissioner of Public Works, construct the necessary retaining walls, arch, steps and railing and furnish the necessary filling for the support and protection of the roadway in the center of Forty-second street, between First and Second avenues, in the manner and under the conditions specified in said contract.”
It was also agreed, by said contract, that the plaintiff should not be entitled to payment, or receive payment for any portion of the work or materials until the same should be fully completed in the manner prescribed by the contract, and such completion duly certified by the engineer, inspector and superintendent in charge of the work.
The contract further provided that the Commissioner of Public Works should inspect the materials to be furnished and the Avork to be done, and to see that the same corresponded with the specifications. As matter of fact the Commissioner of Public Works placed an engineer in charge of the whole work, and also appointed an inspector to inspect the same.
The work was commenced on the 23d of August, *414 1877, and the building of the arch proceeded as required by the contract in 50-foot sections. By June 29, 1878, the plaintiff had built three sections of the tunnel, or about 150 feet, and had completed, or nearly completed, the front or parapet tunnel near First avenue. On that day a portion of the tunnel fell in, being a piece about 50 feet in length, and composing all, or nearly all, of the third section built by him. At that time there was but little filling upon that portion of the tunnel which fell. The work was then suspended by the Commissioner of Public Works, but after a lapse of some time the plaintiff was ordered to proceed and to rebuild the part of the arch that had fallen. The rebuilding was to be done, however, under changed plans. The plaintiff thereupon continued to work until October 20, 1878, when the arch again fell at a section thereof built under the original plans and prior to any change. Notwithstanding this second fall, the plaintiff kept at work until the 9th or 11th of November, 1878, when he and his workmen were driven from their work by order of the inspector and of the police.
As the plaintiff was thus prevented by the acts of the defendants from the full performance of his contract, the defendants had no right to the direction of a verdict in their behalf on the ground that the plaintiff had failed to obtain the certificates called for by the contract and that he had failed to prove a demand for such certificates and an unreasonable refusal to give them.
For the same reason the plaintiff, if entitled to recover at all, was entitled to recover the actual value of the work done and of the materials furnished at the time the performance of the contract was prevented. The recovery which was had was had upon this theory.
It therefore remains to be considered whether the plaintiff was entitled to recover at all.
At the trial the plaintiff’s contention was that the plans and specifications, under which the work was required to be done, were so defective that by strictly *415 following them it was impossible to construct a stable arch which would sustain the weight to be superimposed upon it; that in point of fact he had strictly followed, and had even been compelled to .strictly follow, the specifications and plans; and that the materials furnished and the workmanship were of the character and description called for by the contract and conformed in all substantial particulars to the requirements of the contract.
These matters were disputed by the defense, but the jury, under a charge which imposed the burden of proof upon the plaintiff, determined them in favor of the plaintiff. Upon an examination of the whole case it is impossible to say that their finding in these respects is against the weight of the evidence.
The only remaining question, therefore, is whether the plaintiff can maintain that the plans and specifications were so defective per se as to exonerate him from blame, or whether he was bound to build a safe arch ndtwithstanding the defect in the plans and specifications.
Upon this remaining point the defense relies upon two cases, neither of which is applicable to the case at bar.
In Dermott v. Jones, 2 Wall. 1, the contract was not only to build according to certain plans and specifications, but also to completely finish and fit for use and occupation all the houses and buildings and the several departments thereof, etc. The latter was held to be a special and additional covenant.
In Thorn v. The Mayor, etc., of the City of London, 1 Eng. Law Rep. Appeal Cases, 120, the plaintiff, in attempting to build and finish a bridge for the defendants as he was bound to do, found that the plans and specifications were so fatally defective that the work could not be done under them, and he thereupon, in order to finish the bridge, as by his contract he was bound to do, departed from the plans and specifications *416 by adopting a much more expensive method of construction. He finished the bridge and the work was accepted. In the course of time he brought suit for the extra expense to which he had been put by reason of the inadequacy of the plans and specifications furnished to him. It was in this suit that it was held that inasmuch as his contract was absolute and unconditional that he would finish the bridge for a certain sum and in a certain time, and he had finished it, he could not recover additional compensation on the theory that the defendants had impliedly warranted the sufficiency of the plans and specifications.
In the case at bar the plaintiff was prevented by the defendants.from completing the contract, and he recovered only for what he had actually done up to the time he was compelled to desist. The contract price was evidence of the value of the work so done, and in the absence of other evidence it controlled, but there was no recovery beyond it. Moreover the contract as a whole cannot be construed as containing a covenant or warranty on the part of the plaintiff that the arch, when completed, should' be safe and fit for the purposes for which it was intended. For these reasons it was competent for the plaintiff to exonerate himself by showing that the plans and specifications which he was actually compelled to follow strictly, were defective per se.
The judgment and order should be affirmed with costs.
Sedgwick, Ch. J. and O’Gormar, J., concurred.