STEPHENS LUMBER COMPANY, A CORPORATION, *Plaintiff in Error*, v. WILLIAM M. CATES, *Defendant in Error*.

## ON REHEARING.

PARKHILL, J.—On petition for rehearing, objection is made to that part of the opinion holding, "When there is a special contract of sale, and the contract has been breached by the seller to the injury and damage of the purchaser, he may set up the contract and its breach and the damages sustained resulting as a proximate consequence of such breach by way of set-off to the claim for the value of the goods, but a party may not purchase and retain the goods of another, and when sued for their value set up a breach of contract in the sale and purchase to defeat payment." It is contended that, in and by this part of the decision the court has not considered the decision in Sanderson v. Hagan, 7 Fla. 318, text 324, to

the effect that a plaintiff, suing only upon the common counts, cannot recover upon a special contract without showing it to have been fully performed. And it is contended that the evidence herein shows a part of the lumber furnished by the plaintiff was rejected by the defendant as being defective in quality.

We do not consider what we have said in the instant case to be in conflict with the holding in Sanderson v. Hagan. In the latter case there was evidence that the defendant Sanderson "refused to receive the logs *under* the contract and claimed that plaintiffs should fulfill their contract." (p 320). In the instant case, the defendant only claims to have rejected a small quantity of the lumber furnished by the plaintiff, and received and accepted and used a much larger portion of it, nearly all in fact.

As stated in Greenleaf on Ev. (16th Ed.) p. 119, Sec. 136a., "Where the contract is entire, the general rule is, that if the plaintiff has failed to perform the whole on his part, he can recover nothing; for being entire, it cannot be apportioned. And this rule has been often applied to contracts for labor and services for a certain term of time, where the party had severed only a part of the time. But it is also conceded that if the part performance of a contract is beneficial to the promises and has been accepted by him, though the other party can maintain no action upon the original contract, his part of which he has failed to perform, yet he may maintain a general assumpsit for the actual value of his labor and materials which the promises has accepted and enjoyed."

In the instant case, the plaintiff sued in general assumpsit upon the common counts, there being no count upon a special contract designating the quality of the lumber and fixing the price per thousand to be paid for the same. The plea was the general issue. The issue was

upon the *quantum valebant,* and the plaintiff is not relying on proof of a special contract as a basis of recovery.

The plaintiff does not claim under a special contract. The orders and account sales were evidently introduced by the plaintiff as evidence of the receipt of lumber by the defendant. Shipman's Com. Law Pleading p. 21.

It is contended the evidence shows the defendant did not "retain" the lumber; but rejected defective parts thereof and promptly notified plaintiff. There was no evidence that defendant properly rejected any part of the lumber. There was no evidence that any part of the lumber was defective in quality. There were *entries* in the account sales furnished by the defendant that certain pieces of lumber were rejected as being sappy &c.; but even if these entries were evidence thereof, they were evidence merely of the rejection of pieces of lumber by the defendant and not evidence that they were properly rejected. But even if a small quantity of the lumber was properly rejected, the defendant purchased and retained a large quantity of good lumber, and for its value the plaintiff sues on the common counts only, as he had a right to do. No error has been made tho appear and the petition for rehearing is denied.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.

HOCKER, J., CONCURING:—The rule laid down in Sanderson v. Hagan, 7 Fla. 318, to the effect that where there is a special contract, plaintiff cannot recover under the common counts expresses, I think, the general rule applicable to the facts of that case, but not the exceptions.

The plaintiffs own witness Daniel not only testified that there was a special contract with respect to the quality of the logs to be delivered, but also that the logs which were delivered by the plaintiffs were refused by the defendants because they did not come up to the contract, who claimed that the plaintiffs must fulfill their contract. The facts of this case are entirely different, for the lumber was delivered by the plaintiffs and the greater part at least accepted by the defendants, and when there has been an acceptance by the defendants of a part of the articles contracted to be delivered, and they have had the benefit of them, their value according to the weight of authority can be recovered under the genral assumpsit. 2 Smith's Leading Cases (9th Ed.) pp. 1229, 1230; Shipman's Common Law Pleadings pp. 22, 23. In such a case the special contract may be evidence of the damages. Dermott v. Jones, 2 Wall. 1; Perkins v. Hart 11 Wheat. 237; When a contract has been fully executed, the price agreed to be paid can be recovered under general assumpsit, and the contract is evidence of the damages. Authorities above cited, and Bank of Columbia v. Patterson's Adm'r, 7 Cranch 299; Williams v. Sherman, 7 Wend (N. Y.) 109.