CUYAMEL FRUIT CO. v. JOHNSON IRON WORKS, Limited.*

(Circuit Court of Appeals, Fifth Circuit. January 6, 1920.)

No. 3410.

1. CONTRACTS ⬤⮞213(1)—CONSTRUCTION INCLUDING STRIKE CLAUSE AS EXCUSING DELAY.

Where a proposal for repairing a vessel fixed the time for completion of the work, "barring labor troubles or any unforeseen cause," and the letter head on which it was written contained a printed statement that all contracts were made subject to delays caused by labor troubles or unforeseen contingencies, and the proposal was accepted without change, except to shorten the time for completion, the strike provision *held* to be a term of the contract.

2. APPEAL AND ERROR ⬤⮞997(3)—WHERE BOTH PARTIES MOVE FOR DIRECTED VERDICT FINDINGS ARE CONCLUSIVE.

Where both parties move for a directed verdict, both are concluded by the findings of fact made by the court.

3. CONTRACTS ⬤⮞300(5)—STRIKE CLAUSE EXCUSING DELAY IN PERFORMANCE.

To preclude a party to a contract from availing himself of a strike clause in case performance is delayed by a strike of his workmen, it must be shown that it was brought about through bad faith on his part.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action at law by the Cuyamel Fruit Company against the Johnson Iron Works, Limited. Judgment for defendant, and plaintiff brings error. Affirmed.

Solomon Wolff, of New Orleans, La., for plaintiff in error.

Joseph W. Montgomery, of New Orleans, La., for defendant in error.

Before WALKER, Circuit Judge, and GRUBB and ERVIN, District Judges.

GRUBB, District Judge. This is a writ of error to a judgment of the District Court for the Eastern District of Louisiana, in an action at law for damages by the plaintiff in error against the defendant in error, and in which the defendant in error filed a reconventional demand. Judgment was for the defendant upon the original cause of action, and also in its favor on the reconvention. The action and cross-action were based upon a contract by which the defendant in error agreed to make certain repairs on the steamship Omoa at the instance of the plaintiff in error. The contract was evidenced by a written proposal made by the defendant in error, and by the acceptance of it by letter written by the plaintiff in error. The repairs were actually made, but it is claimed not within the stipulated time, and the original action sought to recover damages for the delay, and the reconvention sought a recovery for the contract price for the work done and materials furnished, which the plaintiff in error had declined to pay because of the delay.

[1] Dispute arose about what the contract provided as to the time of completion, and, as it was in writing, the construction of it was

---

⬤⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

'Certiorari denied 252 U. S. —, 40 Sup. Ct. 481, 64 L. Ed. —.

for the court, as a matter of law. The disputed question was as to whether or not a strike clause constituted a term of the contract. The petition of the plaintiff in error recognized the existence of the strike clause in the contract, and the only issue presented by the pleadings and litigated by the parties before judgment was whether or not the defendant in error could defend under it, having, as claimed, itself brought on the strike. If we concede, however, that the proper construction of the contract is still open for contestation, in view of the pleadings, we think the contract was properly construed to be subject to the strike clause. The defendant in error's letter of December 28, 1917, which contained the proposal to do the work, contained this provision as to the time of performance:

"Work to be completed on Saturday, January 5, 1918, or sooner, if possible. If the ship goes in dock Friday evening or Saturday morning, 7 a. m., will come out of dock Tuesday noon, barring labor troubles or any unforeseen cause."

The letter of the Cuyamel Fruit Company, dated December 28, 1917, accepting the proposal contains this statement as to time of completion of work:

"It is understood that this work will be completed within six days."

The work in fact was not completed earlier than 30 days from the delivery of the steamship to the defendant in error. The latter defends against the delay under the strike clause, which it claims was contained in the contract. The letter heads of the defendant in error, upon which its letter of December 28, 1917, was written, contained a printed stipulation to the effect that all contracts made by it were subject to delays caused by labor troubles and unforeseen contingencies. Conceding that the words "barring labor troubles or any unforeseen cause," which are to be found in the body of the letter of December 28, 1917, are to be restricted to the agreement to deliver the steamship repaired on Tuesday noon, yet it should not have the force of excluding the general time of performance from the benefit of the strike clause, which was printed at the top of the letter head and which, therefore, was applicable to the entire agreement contained in the letter. So the letter of December 28, 1917, may be construed, so far as the needs of this case go, to be a proposal by the defendant in error to complete the work by Saturday, January 25, 1918, unless delayed by a strike. This was a period of eight days.

The plaintiff in error, in accepting the proposal, reduced the stipulated time for completion to a period of six days. The defendant in error accepted the modification, which reduced the time from eight to six days, by undertaking the work under it. Nothing was said in the written acceptance of the plaintiff in error upon the subject of strikes. In the absence of any expression by the plaintiff in error, in his letter of acceptance, as to the nonapplication of the strike clause, his letter of acceptance should be construed to leave that clause as it was in the letter of proposal. As we have construed it, there, to apply to the work proposed to be done, it should also apply to it, after the acceptance. The effect of the acceptance was merely to reduce the time

from 8 to 6 days, and the 6-day period of the acceptance was subject to enlargement for the same reason as was the 8-day period of the proposal. We think the strike clause applied to the contract.

It is not disputed that a strike occurred that delayed the completion of the work for 30 days. The other contention of the plaintiff in error is that the defendant in error precipitated the strike by putting in effect a new wage scale without having given the 30 days' notice that was provided for in a contract between the defendant in error and its employés, and that for that reason it cannot defend under it. There are disputed questions of facts shown by the record, relating to the effect of the wage scale—as to whether or not it contained any decreases of wages, as to whether or not the defendant in error was justified in putting it into effect, without having given the 30 days' notice, and as to whether or not it applied to existing work in the shop, including the repairing of the Omoa.

[2, 3] Both the plaintiff and the defendant in the court below requested the District Judge to direct a verdict in its favor. The District Judge directed a verdict for the defendant. The effect of this was to preclude the plaintiff in error from questioning any decision of fact involved in the court's ruling, and hence from now disputing the conclusion of fact that the District Judge found that the defendant in error was not in fault in a way showing bad faith in precipitating the strike that delayed the completion of the work. This is especially the case, in view of the principle of law that it requires a showing of bad faith on the part of the employer to prevent him from availing himself of a strike clause in a contract of similar kind. Hawkhurst Steamship Co. v. Keyser (D. C.) 84 Fed. 693; Railway Co. v. Bowns, 58 N. Y. 574. As bad faith is the test prescribed, we think the plaintiff in error must fail, both because the District Judge found that there was no bad faith on the part of the defendant in error in bringing on the strike; and because his finding in that respect is conclusive as the case comes to us; and also for the reason we find no evidence of bad faith from an examination of the record. The judgment of the District Court against the plaintiff on the original cause of action, and in favor of defendant on its reconventional demand for the amount sued for, interest, and costs, is affirmed.