Littleton, Judge,
delivered the opinion of the court:
The plaintiffs, doing business as a partnership under the firm name of Ed. F. Mangelsdorf & Brother, with principal office at St. Louis, Missouri, have been and are now engaged in buying and selling at wholesale field seeds. Shipments are made to various points in the United States and to customers in the Republic of France.
Pursuant to an act of Congress, the United States operates boats and barges for the transportation of freight on Mississippi and Warrior Rivers under the name of Mississippi-Warrior Service.
January 24 and January 26, 1922, respectively, plaintiffs delivered to the Mississippi-Warrior Service at East St. Louis, Illinois, 482 and 425 sacks of corn, under bills of *601 lading Nos. 3671 and 3672, consigned to A. Rousset and Fils, 38 Rue de Louvre, Paris, France, upon which plaintiffs prepaid to the defendant, respectively, $291.81 and $269.80, or $561.61 in the aggregate, being transportation charges on said corn from St. Louis, Missouri, to LeHavre, France, via the Mississippi-Warrior Service to New Orleans and thence by the United States Shipping Board Steamship Nacata to the aforesaid destination.
The defendant accepted the shipments and agreed to transport them with reasonable dispatch in order that they might be transferred at New Orleans to the Steamship Nacata, which departed from that port March 6, 1922, but, instead of transporting the shipments to the port of New Orleans with reasonable dispatch, they were delivered at the port of New Orleans to some other sea-going vessel some thirty days after March 6, 1922, thus preventing the shipments from arriving at Paris for delivery to the consignee in time to be sold or disposed of for use in that season’s planting, such failure obligating the plaintiffs to make an allowance to the consignee of $500, for which amount plaintiffs bring this suit for damages...
Export bills of lading Nos. 3671 and 3672 covering transportation services from the point of origin to the port of New Orleans via the initial carrier, the Mississippi-Warrior Service, provided as follows:
“ The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property at the time and place of shipment under this bill of lading, including freight charges, if paid.
“ Except where the loss, damage, or injury complained of is due to damage while being loaded or unloaded, or damaged in transit by carelessness or negligence as conditions precedent to recovery, claims must be made in writing to this carrier at the point of delivery or at the point of origin within nine months after delivery of the property at port of export, or in case of failure to make delivery, then within nine months after reasonable time for delivery has elapsed. Suits for loss or damage shall be instituted only within two years and one day after delivery of the property, or in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed, providing, however, that where claims for loss or damage have *602 been duly filed with this carrier and such claims have not been definitely declined in writing by this carrier before the beginning of the last nine months of the two-year-and-one-day period, then suits thereon may be filed within nine months from the date claims are definitely declined in writing by this carrier, but not after. Where claims for loss or damage are not filed, or suits are not instituted thereon, in accordance with the foregoing provisions, this carrier will not be liable and such claims will not bo paid.”
June 10, 1922, plaintiffs made claim in writing to the freight claim agent of the Mississippi-Warrior Service at St. Louis, Missouri, for damages in the amount of $500. The acknowledgment of this claim by the defendant was dated New Orleans, November 18, 1922, and, thereafter, on June 29, 1923, the defendant declined said claims in writing and returned the claims and papers in support thereof to plaintiffs.
The original petition was filed December 29, 1928. An amended petition was filed January 28, 1929, and a second amended petition on May 24, 1929.
Defendant demurs to the original and amended petitions on the ground that the facts alleged do not state a cause of action against the United States and that the suit is barred by the statute of limitations.
It is contended that by the contracts contained in the bills of lading covering the subject of damages plaintiffs were required (1) to make claim in writing at point of delivery or origin within nine months after delivery at port of export, or (2) in case of failure to make delivery, then within nine months after time for reasonable delivery, or (3) where suit is brought, after delivery, it must be brought within two years and a day, or (4) in case of failure to make delivery, within two years and one day after a reasonable time for delivery has elapsed.
It is, therefore, insisted that under the averments of the original and amended petitions the shipments in question should have reached the port of New Orleans on or before March 6, 1922, but, as a result of the negligence of the defendant, the shipments were not delivered at the port of New Orleans until thirty days thereafter, or April 7, 1922. Therefore, plaintiffs’ cause of action arose under (4) above *603 and the time for instituting suit against the United States expired April 8, 1924; that plaintiffs, having failed to bring suit within the time expressly provided in the contracts, are barred by the limitations provided therein.
It is further urged by the defendant that this suit is barred because it was not instituted within six years after the cause of action accrued. In support thereof it is insisted that the alleged cause of action accrued April I, 1922; that the time for bringing suit expired April 7, 1928, and, since the original petition was not filed until December 29, 1928, suit is barred and the petition should be dismissed.
We are of opinion that the demurrer is well taken. Plaintiffs, by their contract, charged themselves with an obligation possible of performance and, having failed to comply therewith, are not entitled to maintain this suit. Dermott v. Jones, 2 Wall. 1; United States v. Gleason, 175 U. S. 588.
In Sun Printing & Publishing Association v. Moore, 183 U. S. 642, the court said:
“A court of law possesses no dispensing powers; it can not inquire whether the parties have acted wisely or rashly, in respect to any stipulation they may have thought proper to introduce into their agreements. If they are competent to contract within the prudential rules the law has fixed as to parties, and there has been no fraud, circumvention, or illegality in the case, the court is bound to enforce the agreement.”
In Riddlesbarger v. Hartford Insurance Company, 7 Wall. 386, 390, the court says: *604 lating for a shorter period within which to assert their respective claims.”
*603 “ They [statute of limitations] are enacted to restrict the period within which the right, otherwise unlimited, might be asserted. They are founded upon the general experience of mankind that claims, which are valid, are not usually allowed to remain neglected. The lapse of years without any attempt to enforce a demand creates, therefore, a presumption against its original validity, or that it has ceased to subsist. This presumption is made by these statutes a positive bar; and they thus become statutes of repose, protecting parties from the prosecution of stale claims, * * *. The policy of these statutes is to encourage promptitude in the prosecution of remedies. They prescribe what is supposed to be a reasonable period for this purpose, but there is nothing in their language or object which inhibits parties from stipu-
*604 Under the contracts contained in the bills of lading that suits for loss or damage must be instituted within two years and one day after April 7, 1922, the date of delivery of the property, the time for instituting suit expired on April 8, 1924, which was two years and one day after the. delivery of the property by the defendant. Furthermore, it appears from the allegations of the petition that the claim first accrued not later than June 10, 1922, when plaintiff made claim in writing to the defendant, which date was more than six years prior to the institution of this suit.
The demurrer is sustained and the petition is dismissed. It is so ordered.
Williams, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.