FRITZ–RUMER–COOKE CO., Appellant,

v.

UNITED STATES of America, Appellee.

No. 13848.

United States Court of Appeals
Sixth Circuit.

June 8, 1960.

Richard Theodore Boehm (of Boehm & Rance), Columbus, Ohio, for appellant.

Thomas S. Schattenfield Asst. U. S. Atty., Columbus, Ohio (Hugh K. Martin, U. S. Atty., Gerald L. Stanley, Asst. U. S. Attys., Columbus, Ohio, on the brief), for appellee.

Before McALLISTER, Chief Judge, MILLER, Circuit Judge, and BROOKS, District Judge.

BROOKS, District Judge.

This is an appeal from an order dismissing appellant's complaint for failure to state a cause of action.

The complaint alleges that the appellant, the Fritz-Rumer-Cooke Company, entered into a contract with the Atomic Energy Commission through its agent, Goodyear Atomic Corporation, on behalf of the appellee, United States of America, covering the removal and loading of certain railroad tracks from the area around a gaseous diffusion plant near Waverly, Ohio, known as the Portsmouth Plant. The contract provided that the appellant contractor should complete his work by June 15, 1956, and that the work could not be in progress longer than one month. Work was commenced on May 14, 1956, and continued until May 21 when the Portsmouth Plant was struck as a result of a labor dispute and a picket line set up which the employees of the contractor observed. Work was not resumed until June 9, and the job was finished approximately thirty days later than the original completion date provided in the contract. Although the Government excused this delay in performance by granting an extension of time, the contractor seeks to recover for damages allegedly sustained as a result of the interruption of its work caused by the strike.

The contractor takes the position that at the time the contract was signed the Government knew or should have known that a labor dispute was pending and a strike was "imminent, threatened or possible" at the Portsmouth Plant. And also that it could be reasonably foreseen that should a strike be called a picket line would probably be established and the employees of the contractor "might reasonably be expected to refuse to work." It concluded that under these circumstances the Government was liable for violating an implied warranty to have available for the contractor the job site necessary for performance of their contract.

■ There is an implied agreement between the parties to a construction type contract that the contractor shall be furnished with the site of the work necessary to perform his contract. Guerini Stone Co. v. P. J. Carlin Construction Co., 248 U.S. 334, 39 S.Ct. 102, 63 L.Ed. 275; F. J. Lewis Mfg. Co. v. Snyder, 6 Cir., 37 F.2d 299. And each party to a contract is under an implied obligation to restrain from doing any act that would delay or prevent performance of the contract. Griffin Mfg. Co. v. Boom Boiler & Welding Co., 6 Cir., 90 F.2d 209, certiorari denied 302 U.S. 741, 58 S.Ct. 143, 82 L.Ed. 573; Murphy v. North American Co., D.C., 24 F.Supp. 471; Gulf, M. & O. R. Co. v. Illinois Central R. Co., D.C., 128 F.Supp. 311, affirmed 5 Cir., 225 F.2d 816, certiorari denied 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815.

However, the complaint does not charge that there was any act or omission attributable to the Government that was the cause of the strike resulting in the contractor's delay in performance. The Government did provide the contractor with the job site which remained available during the picketing. It was the refusal of the employees of the contractor to work while the picketing continued that was the direct cause of the work stoppage, and this is a matter over which the Government could exercise no control.

■■ It has long been a well-settled rule of law that if a party by his contract charges himself with an obligation possible to be performed, unforeseen difficulties, however great, will not excuse him, unless performance is rendered impossible by act of God, the law, or the other party. Dermott v. Jones, 2 Wall. 1, 69 U.S. 1, 17 L.Ed. 762; Chicago, M. & St. Paul R. R. Co. v. Hoyt, 149 U.S. 1, 13 S.Ct. 779, 37 L.Ed. 625; Columbus Ry., Power & Light Co. v. City of Columbus, 249 U.S. 399, 39 S.Ct. 349, 63 L.Ed. 669; Jonesboro Compress Co. v. Mente & Co., 8 Cir., 172 F.2d 3, certiorari denied 293 U.S. 618, 55 S.Ct. 210, 79 L.Ed. 707; Gulf, M. & O. R. Co. v. Illinois Cent. R. Co., D.C., 128 F.Supp. 311, affirmed 5 Cir., 225 F.2d 816, cer-

tiorari denied 350 U.S. 932, 76 S.Ct. 303, 100 L.Ed. 815. Since there was no provision in the contract protecting against a delay caused by a strike, the application of this rule required the contractor to complete his undertaking without right of recovery for any damages that may have been sustained. See Barry v. United States, 229 U.S. 47, 51, 33 S.Ct. 681, 57 L.Ed. 1060, affirming Peabody v. United States, 45 Ct.Cl. 532; Cuyamel Fruit Co. v. Johnson Iron Works, 262 F. 387, certiorari denied 253 U.S. 485, 40 S.Ct. 481, 64 L.Ed. 1025.

The order of the District Court is affirmed.