DONEGAN *v.* MEREDITH

[No. 74, October Term, 1951.]

*Decided January 11, 1952.*

154

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Murray MacNabb* for the appellant.

The Court declined to hear argument for the appellee.

*Nelson R. Kerr,* on the brief, for the appellee.

MARKELL, J., delivered the opinion of the Court.

This is an appeal from a judgment for plaintiff in a suit by a veterinary against an owner of horses for board for some months and veterinary services and expense for a supposedly valuable race horse and for services for other horses not at plaintiff's establishment. The amount of the verdict includes for board alone more than $300, against which was credited $94.50, net proceeds of sale (for $110) of the horse boarded, which was sold under Chapter 23 of the Acts of 1949. The act provides, "51. (a) The owner or operator of every livery stable or other establishment giving care or custody to any horse or other livestock shall have a lien thereon for any reasonable charge for board and custody, training fees, veterinarians' and blacksmiths' charges, and for other proper maintenance expenses. (b) Any person, association or corporation having a lien under the provisions of this section may sell the horse or other livestock at public auction sale, if the account is due and unpaid for a period of thirty days after any such fee, charge or expense shall have accrued and if the lienor still retains possession of the same. * * * (d) * * * The proceeds of such sale shall be applied to the expenses thereof and then to the liquidation of such indebtedness; and the balance, if any, shall be paid over to the debtor." The declaration included the common counts for work and materials and for money paid.

Defendant contends that (1) under the common counts evidence as to (*a*) board at plaintiff's establishment, and (*b*) services not rendered at plaintiff's establishment,

is not admissible and (2) the statute does not permit an action at law for a balance due after enforcement of the lien by sale. At the argument defendant also contended that (3) the sale was invalid because the lien does not exist for services not rendered at plaintiff's establishment. Nothing in the printed record suggests any irregularity in the sale. The proceeds of sale were less than the amount due for board alone; there is nothing to indicate that the sale was made for any debt not within the statute.

No authority was cited, and we have found none, in support of defendant's contentions, and we find no basis for them on principle. The common count for work and labor covers services of all kinds, menial, professional and others, including services performed under a special contract not under seal, when the contract has been fully performed by the plaintiff or the services have been rendered in good faith and accepted, though not in strict compliance with the contract. *Dermott v. Jones,* 2 Wall. 1, 9, 17 L. Ed. 762; *Poe* on *Pleading,* 5th Edition, §§ 101-105. In the instant case there appears to have been no special contract except that it was orally agreed that the board should be sixty-five dollars a month. Specifically, this count covers a farrier's claim for attendance and medicine. *Chitty, Pleadings and Parties to Actions,* 16th American Edition, 359.

Defendant contends that because the Act of 1949 does not, like the mechanics' lien law Code, Art. 63, sec. 33, contain an express provision that it shall not affect the right to sue for the debt secured by the lien, the right to sue is destroyed by enforcing the lien. This contention is in the teeth of the words and the purpose of the act. The act is declaratory of (and perhaps enlarges) the common law lien of the bailee, *Bevan v. Waters,* 3 C. & P. 520, but also implements that lien by a power to enforce it by sale, which did not exist at common law. *Restatement, Security,* § 72 (1). It is an expansion of a remedy of the creditor to enforce a debt, not an insolvency statute to relieve debtors of

paying their debts. The act neither creates nor destroys the indebtedness; it recognizes it in providing for application of the proceeds of sale "to the liquidation of such indebtedness". Enforcement of security for a debt does not destroy the right to sue for the balance of the debt. *Nelson v. Couch,* 2 New Reports, 395, 396. We need not speculate as to why section 33 was included in the mechanics' lien law. It is enough that a statute does not destroy the obvious by not mentioning it needlessly.

Plaintiff has moved to dismiss this appeal for failure to print sufficient evidence. Defendant's appeal fails, not for lack of sufficient evidence to present the points made, but for lack of merit in the points. Statement of the points is sufficient to dispose of them without printing any evidence or any of the record except the rulings on defendant's objections to evidence and her motion for a directed verdict.

*Judgment affirmed, with costs.*