MALCOMSON v. WAPPOO MILLS et al. (MITSUI et al., Interveners).

(Circuit Court, D. South Carolina. June 2, 1898.)

BREACH OF CONTRACT — RIGHT TO RECOVER DAMAGES — PERFORMANCE PREVENTED BY APPOINTMENT OF RECEIVER.

Damages are not recoverable against a corporation for its failure to perform a contract for the sale and delivery of merchandise, where performance was prevented solely by the action of a court in appointing a receiver for the corporation, and enjoining all others from interfering with its business or property. In such case the breach of contract is damnum absque injuria.

Mordecai & Gadsden, for petitioner.
A. T. Smythe and Mitchell & Smith, opposed.

SIMONTON, Circuit Judge. This case comes up upon the intervention of Mitsui & Co., claiming damages as against the Farmers' Mining Company for nonfulfillment of contract. On 14th October, 1897, the Farmers' Mining Company agreed to sell to Mitsui & Co., who on the same day agreed to buy, about 2,000 tons dried Coosaw river phosphate rock, for shipment in December, 1897, or January, 1898, at $2.40 per long ton. Mitsui & Co. chartered a vessel to receive this rock. On the 18th day of October, 1897, the Farmers' Mining Company was, by an order of this court, placed in the hands of a receiver, and was enjoined from interfering with any of its property. This made the performance of its contract with the interveners impossible. The evidence shows that but for this the contract could have been performed. The rock of the kind and quality contracted for, and in the amount prescribed, being on hand ready for delivery. Mitsui & Co., having heard of the appointment of the receiver, called upon him to fulfill the contract. This, of course, he could not do without an order of court, and was in no wise bound to do. A receiver is not bound by the contracts of the corporation for which he is appointed. United States Trust Co. v. Wabash W. Ry. Co., 150 U. S. 287, 14 Sup. Ct. 86. Having been notified by the receiver that he could not perform the contract, Mitsui & Co. file this intervention. The gist of the action is for damages for breach of contract, and they show for damage that they were compelled to, pay for rock of the quality contracted for at the rate of $2.75 per ton, the excess being $845. The interveners have taken the proper course by their intervention. If the Farmers' Mining Company can be held liable for damages on this contract, the interveners must come into this court. This is the only way in which to ascertain the liability of the corporation, whether any exists, and the

extent of it.    Of course, a recovery would only permit the interveners to get their proportionate share in the assets of the company, without preference of any kind.

The question to be decided is, can damages be recovered against the Farmers' Mining Company for the nonperformance of this contract? "It is a well-settled rule of law that if a party, by his contract, charge himself with an obligation possible to be performed, he must make it good unless its performance be rendered impossible by the act of God, the law, or the other party.    Unforeseen difficulties will not excuse him." Dermott v. Jones, 2 Wall. 1.    As has been seen, the Farmers' Mining Company fulfilled, or, rather, was prepared to fulfill, the contract in every particular.    The complete fulfillment was prevented by the order of this court in the appointment of the receiver. A delivery of the rock by the company after that was impossible.    It will be noticed, also, that the completion of the contract on the part of Mitsui & Co. was by the same action of the court made impossible. If the company had tendered the delivery of the rock, the injunction of this court forbade them to accept it.    In like manner, they could not have paid to the company the price of the rock.    Was all this rendered impossible by the law?    A distinction must be taken between cases for the specific performance of a contract and those in which damages are sought for the nonperformance of a contract.    The bare fact that the court can decree and enforce the specific performance of a contract shows that its performance is not impossible.    And so, when a railroad company contracted with a plaintiff to operate its road, which had been extended with the aid of the plaintiff, and that, if it failed to operate its railroad as provided in the contract, it would forfeit a certain portion of the road, and convey it to the plaintiff, and the railroad company fulfilled its contract until it was placed in the hands of a receiver, and then ceased to do so, the court ordered the contract to be specifically performed, which was not an impossible thing.    Klauber v. Street-Car Co., 95 Cal. 353, 30 Pac. 555, cited in Gluck & B. Rec. § 4, note 1.    But when the contract cannot be specifically performed, and the only remedy is by way of damages, the court will not inflict such damage on the corporation if the breach of contract for which damages are sought has been occasioned by the law, the performance of the contract having been made impossible.    People v. Globe Mutual Life Ins. Co., 91 N. Y. 174.    In that case a corporation had entered into a contract with a general agent for his services for a specified time and at a stipulated salary.    The contract continuing, and the services being rendered, the corporation was placed in the hands of a receiver, who did not continue the agent in his employment. He sued for damages.    He could not recover.    The company could not employ him, because this would be a violation of the order of injunction.    The agent could not meddle in the affairs of the company, for that equally would violate the injunction.    It was damnum absque injuria.    The question is not free from doubt.    A case in the court of chancery of New Jersey (Spader v. Manufacturing Co., 20 Atl. 378, 47 N. J. Eq. 18), takes the opposite view.    Both of these are persuasive authorities of rank.    I will follow the court of appeals of New York.

The interveners cannot hold the Farmers' Mining Company responsible for the action of the court.    The petition is dismissed.