In re INMAN & CO.

In re LESSER.

(District Court, N. D. Georgia. January 1, 1910.)

No. 2,167.

BANKRUPTCY (§ 318*)—BREACH OF CONTRACT—DAMAGES.

Damages cannot be recovered by the seller for the buyer's alleged breach of an executory contract of sale, resulting solely from the buyer's involuntary bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 318.*]

In the matter of Inman & Co., Bankrupts. On review of an order of the referee refusing to allow the claim of S. Lesser. Affirmed.

See, also, 171 Fed. 185.

Slaton & Philips, for trustee.
H. A. Alexander, for claimant.

---

NEWMAN, District Judge. The following statement of facts. agreed upon by the counsel for the claimant and counsel for the trustee in bankruptcy, sufficiently shows the matter for determination:

"(1) On the 23d day of July, 1907, a contract was entered into between S. Lesser, a merchandise broker of Augusta, Ga., and Inman & Co., cotton merchants, the bankrupts, who then, among other interests, were engaged in operating a compress, the purpose of which contract was to provide the company with its supply for the season of September 1, 1907—September 1, 1908, of 'patches,' a form of bagging used in baling cotton.

"(2) The contract was embodied in a letter from the claimant to the bankrupts, setting forth its terms, which were duly accepted by the latter, and the words, 'Accepted, Inman & Company,' entered thereon by said company in token of its acceptance. A copy of the contract is as follows:

" 'Messrs. Inman & Company, City—Gentlemen: I beg to confirm sale to you this day of your supply of patches for the season of September 1, 1907, to September 1, 1908, from five hundred to seven hundred bales, the same quality as heretofore, at $2\,7/_{16}$ cents per pound, delivered compress.

" 'Yours truly, S. Lesser.
" 'Accepted: Inman & Co.'

"(3) The number of bales for which a claim, if any, can be made under this contract, is the minimum number, to wit, 500.

"(4) Prior to the adjudication in bankruptcy on May 25, 1908, claimant had furnished, and the bankrupt had accepted and paid for, 174 bales, leaving undelivered under said contract 326 bales, which have never been delivered or paid for.

"(5) Up to the date of the filing of the petition, or of the adjudication in bankruptcy, no breach of the contract had occurred, nor had the vendee refused to perform said contract, nor given notice of a refusal to carry out said contract. No delivery, or offer of delivery was made of any of said merchandise to the receivers or the trustee in said cause.

"(6) The number of pounds in a bale of patches is 678.

"(7) The highest price reached by patches in the market between the date of the adjudication and September 1, 1908, when the said contract expired, was $1^3/_4$ cents per pound.

"(8) The difference between the selling price of 326 bales of patches, at $2\,7/_{16}$ cents per pound and at $1^3/_4$ cents per pound, is $1,519.57.

"(9) This claim was duly filed with the referee on February 17, 1909. The petition in bankruptcy was filed on May 4, 1908, and receiver was appointed by the court on the same day, with complete directions, as per order of court, to which reference is made, and the adjudication in bankruptcy was entered on May 25, 1908."

This case is controlled in principle by the decision recently made here. In Re Inman & Co. (D. C.) 171 Fed. 185. This was an involuntary proceeding in bankruptcy, and under the involuntary petition the court seized the property of the bankrupt firm and administered it.

It is agreed that there had been no breach of the contract prior to the filing of the petition in bankruptcy proceeding. It is also agreed that there has been no tender since the commencement of the bankruptcy proceedings by S. Lesser of any of the goods to the receiver or trustee. He relies upon an anticipatory breach of the contract caused by the bankruptcy proceeding.

I do not believe that, where involuntary proceedings in bankruptcy are instituted, and the bankrupt's business and effects are taken charge of by the court, and administered for the benefit of creditors, it constitutes such a breach of an executory contract as to authorize proof in bankruptcy for the amount of damage claimed to have been caused by the failure to carry out the contract, nor do I think that

any of the cases cited go to this extent. The closest case to it, probably, is the case of In re Neff, 157 Fed. 57, 84 C. C. A. 561. The report of this case does not disclose whether it was an involuntary or a voluntary proceeding, probably the latter, from the decision.

The case cited in the opinion in Re Inman & Co., supra, of Malcomson v. Wappoo Mills et al. (C. C.) 88 Fed. 680, if sound, is, I think, conclusive of the question here presented. Judge Simonton, it is true, concedes in his opinion that the question is not free from doubt, but decides, as will be seen from an examination of the opinion, to follow the decision of the Court of Appeals of New York. People v. Insurance Co., 91 N. Y. 174. I agree with this view.

The order of the referee, refusing to allow the claim of S. Lesser, is approved.