## 2785. LESSER v. GRAY.

1. An adjudication in bankruptcy against a partnership dissolves the firm and terminates its executory contracts by operation of law. Especially is this true where the adjudication follows involuntary bankruptcy proceedings.

2. Damages are not recoverable against a firm or any member thereof for a failure to perform a contract of the firm for the purchase and acceptance of merchandise to be delivered at designated periods, where the performance of the contract was prevented, not by the act of the buyer, but solely by the bankruptcy law in seizing the assets of the firm and the members thereof under involuntary bankruptcy proceedings. Any damage that may result in such case is, in law, damnum absque injuria.

DECIDED JANUARY 24, 1911.

Action on contract; from city court of Atlanta—Judge Reid. June 8, 1910.

The questions in this case arise on the following statement of facts: A petition in involuntary bankruptcy was filed in the district court for the northern district of Georgia against Inman & Co., of which firm the defendant in error, James R. Gray, was a partner, and an adjudication in bankruptcy followed. The plaintiff in error held an executory contract, made with Inman & Co., for the delivery, at a stipulated price, from time to time as fixed

by the contract, of certain bagging material known as "patches," for use in the baling of cotton. The performance of this contract was prevented by the adjudication in bankruptcy, leaving still undelivered, because not then due to be delivered, a large quantity of material. The plaintiff in error, on the theory that the adjudication in bankruptcy was an anticipatory breach of the contract, attempted to prove his claim in the bankruptcy court for the balance that would have been due on the contract but for the bankruptcy proceedings. This claim was disallowed by the referee, and subsequently the judge of the district court rendered a judgment affirming this disallowance. After the rendition of this judgment by the district court, the plaintiff in error, taking the position that inasmuch as his claim had been adjudged by the district court to be one not provable in bankruptcy, the discharge of the defendant in error as one of the bankrupts could not be pleaded against the same, brought suit in the city court of Atlanta against the defendant in error as a member of the bankrupt firm of Inman & Co., claiming the right to recover against him damages for a breach of the contract which had been made with the bankrupt firm. The petition in the case sets forth the entire record of the proceedings in bankruptcy. It was also agreed that up to the date of filing the petition in bankruptcy and the adjudication in bankruptcy, no breach of the contract referred to had occurred, the contract having been performed, according to its terms, up to the date of adjudication, and up to that date neither party had expressed any intention of refusal to carry out the terms of the contract. Neither delivery nor offer of delivery was made of any of the merchandise covered by the contract to the receiver appointed by the court of bankruptcy, nor to the trustee in bankruptcy, nor was any demand made by the plaintiff in error upon the receiver or the trustee for a compliance with the contract, nor any notice given to him by the receiver or the trustee that they expected him to comply with the terms of the contract made with the bankrupt firm.

A demurrer to the petition was filed, on the following grounds: (1) That if the plaintiff had a claim, it was acquitted by the judgment of discharge. (2) That having attempted to prove his claim in a court of competent and exclusive jurisdiction, to wit, the court of bankruptcy, which court had adjudged that his claim was not one which could be proved against the bankrupt estate,

and from which judgment he had not appealed, the question was res adjudicata. (3) That any injury which the plaintiff may have sustained is in law damnum absque injuria. The petition in bankruptcy was involuntary. No breach of the contract then existed, and a performance of the contract was rendered impossible, not by the act of the parties, but by the law itself. The contract was dissolved and discharged, because the partnership was dissolved and discharged by operation of law.

*H. A. Alexander, C. H. & R. S. Cohen,* for plaintiff

*King & Spalding, John L. Hopkins & Sons,* for defendant.

HILL, C. J. (After stating the foregoing facts.)

Under the view entertained by this court of the third ground of the demurrer, it will be unnecessary to consider the other two. The Federal decisions are not entirely harmonious on the question here involved. Judge Newman of the United States district court for the northern district of Georgia, in an elaborate and exhaustive opinion, embracing all the authorities on both sides of the question, rendered in re Inman & Co., 171 Fed. 185, concludes that where proceedings in involuntary bankruptcy are instituted, and followed by an adjudication, and the bankrupt is a party to an executory contract, the bankruptcy proceedings do not amount to an anticipatory breach of the contract on the part of the bankrupt, but the contract is annulled by operation of law, and the bankrupt discharged from any further liability thereon. A creditor who holds such contract can prove his debt against the bankrupt estate for any proportionate part which may have been fully performed on the day of the filing of the petition, followed by adjudication. But future earnings under the contract are not provable. The case in which Judge Newman rendered this opinion was that of an employee of a bankrupt firm, who claimed to have the right to prove future earnings under his contract,—that is, which had not been earned at the date of the filing of the petition. Judge Newman held that an adjudication in involuntary bankruptcy against Inman & Co., a partnership, terminated the contract of employment by operation of law, and that the employee of the bankrupts had no claim for damages for breach of the contract, provable against the estate in bankruptcy.

We think that the conflict between the decisions on this subject is more apparent than real. Those decisions which announce the

rule accepted by Judge Newman will be found, on examination, to have been cases where the proceedings in bankruptcy were involuntary; and those which hold the contrary view, that the adjudication in bankruptcy does not dissolve or terminate the contractual relations of the bankrupt as to executory contracts, will be found to have been cases in which the bankruptcy proceedings were voluntary, it being held in this class of cases that if the proceedings are voluntary, the machinery of the law was set in motion by the bankrupt himself and for his own benefit, and therefore he could not be allowed to sever his contractual relation by his voluntary act. But where the proceedings are involuntary, forced upon the bankrupt apparently against his will by his creditors, the existing contractual relations are not then severed by his own act, but are discharged entirely by the operation of the law itself. The decision by Judge Newman, supra, is in no respects different in principle from the one now under consideration. In that case an employee of the bankrupt firm had a contract of employment with the firm for a stipulated period. In the present case the plaintiff in error had a contract with the bankrupt firm to deliver articles of merchandise to the bankrupt firm for a stipulated price and during a stipulated period. In the first case the bankrupt was to pay for the services when rendered; and in the second case, for the merchandise when delivered. In neither case was there any breach of the contract by the bankrupt when the petition was filed in bankruptcy, and Judge Newman places his decision, following the great number of cases which he cites, solely upon the ground that the partnership and its executory contracts are dissolved by operation of law, where the adjudication is had upon involuntary proceedings. To use his own language: "The adjudication in bankruptcy ends all such contracts [referring to executory contracts]. Of course, proof may be allowed for any amount due prior to the institution of the proceedings in bankruptcy. It is provided by the bankruptcy act that for most personal services the employee would have priority for any amount due him for as much as three months preceding the bankruptcy proceedings. This fact of priority of payment for three months extending to so large a class of employees is another reason why I believe it was the intention, in passing this act, that such contracts should terminate with the adjudication in bankruptcy. All this is certainly true as

to a partnership. The adjudication dissolves it by operation of law, and that dissolution ends all its liabilities except such as are expressed in the act." It is well settled that whatever may be the rule as to cases of individual bankrupts, a partnership is dissolved by bankruptcy proceedings against it. 22 Am. & Eng. Enc. Law (2d ed.), 202; 30 Cyc. 654, and many cases cited in the notes.. If this be true, it would follow, as an inevitable corollary, that the firm being dissolved by operation of law, all of its executory contracts are ended. A case strictly analogous in principle, as well as on the facts, to the instant case is that of Malcomson v. Wappoo Mills, 88 Fed. 680, where Judge Simonton held, that damages are not recoverable against a corporation for its failure to perform a contract for the sale and delivery of merchandise, where performance was prevented solely by the action of a court in appointing a receiver for the corporation, and enjoining all others from interfering with its business or property. In such case the breach of contract is damnum absque injuria. The principle here announced, we think, is applicable as well to a partnership as to a corporation. In the case of Bailey v. Loeb, 2 Fed. Cases, 376, Circuit Judge Woods, who was afterwards Justice of the Supreme Court, says, in discussing the point now under consideration: "For instance, a business man has a manager or bookkeeper hired by the year, at a salary payable quarterly. At the end of two months he is adjudged a bankrupt. His manager or bookkeeper may prove for a proportionate part of his salary up to the time of the bankruptcy, but he can not prove for any part that may accrue and fall due after the bankruptcy. The clear purpose of the bankrupt act is, to cut off all claims for rent to accrue, or for services to be rendered, after the date of the bankruptcy." The universal rule announced by the Federal court, in rent cases, that where a landlord seeks to prove his claim for unearned rental instalments, represented by a written contract with the tenant, he can not recover for future stipulated rentals, is applicable to the present case. In other words, the relationship of landlord and tenant ceased by operation of law upon the adjudication in bankruptcy. In re Jefferson, 93 Fed. 948; In re Cobb, 100 Fed. 207. In his decision affirming the judgment of the referee in disallowing the claim of plaintiff in error against the bankrupt estate, Judge Newman expressly holds that damages can not be recovered by the seller for the buyer's al-

leged breach of the executory contract of sale, resulting solely from the buyer's involuntary bankruptcy. In re Inman & Co., 175 Fed. 312. As before stated, we think the principle here announced is supported by the greater weight of authorities and is clearly in harmony with the purpose of the bankrupt act. The bankrupt act takes possession of all the bankrupt's property, both vested and contingent, for the benefit of his creditors. With the exceptions noted in the act itself, and which we think are exhaustive, a discharge in bankruptcy relieves the bankrupt of all of his obligations of every character, subject to the option of the trustee to assume them for the benefit of the bankrupt estate. The relief granted by the act to an honest bankrupt is coextensive with his surrender of all his property and his property rights. "He is entitled to face whatever the future may contain, at least free from all honest obligations, and if he carries no assets into the future, he likewise carries no burdens."

The able counsel for plaintiff in error insists that the view herein announced is contrary to the express terms of the bankrupt act. He contends that only those debts which are provable against the bankrupt estate are those from which the bankrupt is protected by his discharge, and that since it has been held in this case by Judge Newman, at the instance of the bankrupt or trustee in bankruptcy, that the claim of the plaintiff is not provable, and therefore not entitled to participation in the bankrupt's estate, it is in no way affected by the subsequent discharge of the bankrupt, and therefore, in this suit, a plea of such discharge is no defense. It is unquestionably true, as declared by the very terms of the bankrupt act itself and by many decisions of the courts, that "only provable debts are dischargeable" (Collier on Bankruptcy, (7th ed.), 312); and it is earnestly insisted that participation by the creditor in the bankrupt's estate is an essential prerequisite to a discharge of the bankrupt from the creditor's claim or debt, and that it would be unjust to deny a creditor the right to participate in the assets of the estate, and also deny him the right to sue elsewhere. Section 17 of the bankruptcy act is as follows: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except," etc. And it is contended by counsel for the plaintiff in error that the inevitable implication from this language is that if debts are not provable, they are not dischargeable.

We think the contention of learned counsel is sound within proper limitation. The language of the act which is quoted refers expressly to "provable *debts*,"—*debts* which existed on the filing of the petition in bankruptcy, followed by an adjudication. Section 63*a* of the bankruptcy act of 1898 provides for debts which may be proved; which, among others, are: "(1) a fixed liability, as evidenced by a judgment or an instrument in writing, *absolutely owing at the time of the filing of the petition* against him, whether then payable or not, with any interest thereon which would have been recoverable at that date . . ; (4) founded upon an open account, or upon a contract, express or implied." The contract in the present case did not constitute a fixed liability *absolutely owing* by the bankrupts at the time of the filing of the petition in bankruptcy. It is admitted that at that time there was nothing due on the contract. It had been partially performed by both parties thereto, up to that date. It was therefore a contingent liability against the bankrupts. If there had been no bankruptcy proceedings, it might never have been breached by the bankrupts. It might have been broken by the plaintiff in error. There are many contingencies that might have prevented the contract from becoming a fixed debt against the firm of Inman & Co. or any member thereof. The Supreme Court of the United States, in the case of Dunbar *v.* Dunbar, 190 U. S. 340 (23 Sup. Ct. 757, 41 L. ed. 1084), holds that § 63*a* of the bankruptcy act is not broad enough to include contingent liabilities of any character. Mr. Justice Peckham, speaking for the court, says: "We do not think that by the use of the language in § 63*a* it was intended to permit proof of contingent debts or liabilities or demands the value or estimation of which it was substantially impossible to prove." As we have seen in the former part of this opinion, the adjudication in bankruptcy did not constitute an anticipatory breach of the executory contract, and therefore such contract did not constitute an existing debt absolutely owing against the bankrupt, which could be proved, and from which he was discharged. It was simply a contingent liability, which was discharged by operation of law on the filing of the involuntary petition, followed by adjudication. In other words, it was not a debt then existing against the bankrupt estate, and the argument of learned counsel on this line is not applicable to executory contracts of this character.

In our opinion, the judgment of the trial court sustaining the demurrer and dismissing the petition should, for the reasons above stated, be affirmed.                                        *Judgment affirmed.*