4779. McELHENEY *et al. v.* JASPER TRADING CO.

Damages are not recoverable against a corporation for its failure to perform an executory contract for the payment of wages to employees, where performance was prevented solely by the act of a court in appointing a receiver for the corporation and in enjoining all creditors and third persons from interfering with its business or property. In such case the contract is discharged because of the legal impossibility of performance by the corporation, and as to the employees the case is damnum absque injuria.

DECIDED JUNE 10, 1913.

Appeal; from Jasper superior court—Judge J. B. Park. February 18, 1913.

*W. S. Florence,* for plaintiffs. *A. S. Thurman,* for defendant.

HILL, C. J. The Jasper Trading Company, a corporation under the laws of this State, was placed in the hands of a receiver under a bill filed by the stockholders, with the usual restraining order enjoining all creditors from suing the corporation or from in any manner interfering with the business of the receiver, and especially restraining and enjoining the plaintiffs in error from prosecuting suits which they had brought against the corporation in a justice's court for salaries claimed to be due them for services to have been rendered the corporation under a contract made with the corporation. Notwithstanding this restraining order, the plaintiffs in error prosecuted their suits in the justice's court, and, by consent, their suits were consolidated and an appeal taken to the superior court. In the superior court, a stipulation as to the facts was made, and thereupon the suits were dismissed; and a writ of error brings the case here for review. No question is made as to the right of the plaintiffs in the justice's court to prosecute their suits in violation

of the restraining order of the superior court in the appointment of
the receiver, but the sole question is as to the correctness of the
judgment of the superior court dismissing the suits on appeal, on
the agreed statement of facts.   This statement was to the effect
that the plaintiffs were clerks employed by the Jasper Trading Com-
pany, under a contract for services for stipulated wages, and the
suits in question were for wages which would have been due the
plaintiffs if the services had been performed after the Jasper Trad-
ing Company had been placed in the hands of the receiver.   The
contracts were for services for the entire year, and the wages were
payable monthly.

There was no breach of the contracts for wages by the voluntary
act of the corporation.   The contracts were discharged by operation
of law, in that the corporation was placed in the hands of a receiver.
Its business was stopped by injunction, and the receiver was ordered
to collect its assets to pay existing creditors.   No provision was
made for continuance of the business of the corporation by the
receiver.   Under these facts, we do not think the plaintiffs were
entitled to recover on their executory contracts, for services which
they would have performed but for the intervention of the court
and the appointment of a receiver.   The corporation, by operation
of law, was discharged from the performance of its executory con-
tracts.   In *Griggs* v. *Swift*, 82 *Ga.* 393 (9 S. E. 1062), it is held
that "A contract by a partnership with an employé for personal serv-
ices in the current business of the firm for one year, at a given rate
per month, is dissolved by a dissolution of the firm within the year
by the act of God.   There can be no recovery on such contract for
services never in fact rendered, but which the employé would have
rendered had the surviving partner not discharged him after the
dissolution."   This decision was based by the court upon section
2781 of the Code of 1882 (Code of 1910, § 4319).   This section
declares that if performance is impossible and becomes so by the
act of God, such impossibility is itself equivalent to performance.
In the opinion in that case Chief Justice Bleckley said:.   "There
being no one after the partnership went out of existence to receive
the personal services which the plaintiff had contracted to render
as inspector of farms and collector for the partnership, the further
execution of the contract was as much impossible as if the plaintiff
himself had died before or after a dissolution of the firm had taken

place. The survivor transacted no new business on the partnership account, but confined operations to closing up the firm affairs. . .
From the very nature of a contract for the rendition of personal services to a partnership in its current business, where nothing is expressed to the contrary, both parties should be regarded as having by implication intended a condition dependent, on the one hand, upon the life of the employé, and on the other, upon the life of the partnership, provided the death in either case was not voluntary."
In support of the decision, Wood on Master and Servant, § 163, is cited, as follows: ("Where a servant is employed by a firm, a dissolution of the firm dissolves the contract, so that the servant is absolved therefrom), but if the dissolution results from the act of the parties, they are liable to the servant for his loss therefrom, but if the dissolution results from the death of a member of the firm, the dissolution resulting by operation of law, and not from the act of the parties, no action for damages will lie. . . The test is whether the firm is dissolved. So long as it exists, the contract is in force, but when it is dissolved, the contract is dissolved with it, and the question as to whether damages can be recovered therefor will depend upon the question whether the dissolution resulted from the act of God, the operation of law or the act of the parties."

We think the rule announced is much more clearly applicable to a corporation than to a partnership; for, although the partnership might be dissolved, the surviving partner might with greater reason be held to carry out the executory contracts of the partnership than would a corporation, where its business and all of its assets has been placed in the hands of a receiver, with direction to wind up the business of the corporation, and an injunction granted against the interference of third persons with the liquidation of the corporation by the receiver. The corporation would no longer be in business, and therefore could not be expected to carry out executory contracts dependent upon the existence of the business. While the receiver of the corporation might have an election to carry out such contracts as in his judgment would be beneficial to the successful winding up of the corporation business, and under the order of the court, yet he could not be required to perform the executory contracts of the corporation. Some of them might continue long after the receivership had been completed. A legal impossibilit to carry out the executory contract of a corporation arises by th

act of the court in the appointment of a receiver, and in such cases the contract is discharged by operation of law. Clark on Contracts, § 475. The identical point was decided by the Court of Appeals of New York in the case of People *v.* Globe Mutual Life Ins. Co., 91 N. Y. 174. In that case a corporation had entered into a contract with a general agent for his services for a specified time and at a stipulated salary. Before the expiration of that time and while the services were being rendered, the corporation was placed in the hands of a receiver, who did not continue the agent in his employment. He sued for damages. It was held that he could not recover. The company could not employ him, because this would be a violation of the order of injunction. The agent could not meddle in the affairs of the company, for that equally would violate the injunction. It was damnum absque injuria. In the case of Malcomson *v.* Wappoo Mills, 88 Fed. 680, Circuit Judge Simonton held that "damages are not recoverable against a corporation for its failure to perform a contract for the sale and delivery of merchandise, where performance was prevented solely by the action of a court in appointing a receiver for the corporation, and enjoining all others from interfering with its business or property. In such case the breach of contract is damnum absque injuria." This learned jurist in that case held that when a contract can not be specifically performed, and the only remedy is by way of damages, the court will not inflict such damages on the corporation if the breach of contract for which damages are sought has been occasioned by the law, the performance of the contract having been made impossible.

We conclude that the judgment dismissing these suits is supported by authority and is in thorough consonance with sound reason. The right to recover for breach of the contract would arise only from a wrongful discharge. The corporation did not discharge the plaintiffs, and, therefore, there was no breach of the contract. The contract was discharged by operation of law, since the power to perform executory contracts was taken away from the corporation in the appointment of the receiver and the granting of the injunction.                    *Judgment affirmed.*