## MOLLER v. HERRING.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1919.)

No. 3292.

1. CONTRACTS ⬦⟹303(2)—ACTIONS FOR BREACH—DEFENSES—PERFORMANCE PREVENTED BY LAW.

A court will not impose damages for breach of a contract, if the breach was occasioned by the law, as by the appointment of a receiver at suit of a third party, who took possession of the property which was the subject-matter of the contract and thereby prevented performance.

2. APPEAL AND ERROR ⬦⟹878(1)—DEFENDANT IN ERROR—RIGHT TO ASSIGN ERROR.

Where one party only sues out a writ of error to review a judgment, the other party may not assign error in the appellate court.

In Error to the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Judge.

Action at law by A. L. Moller against F. E. Herring. From a judgment in his favor, plaintiff brings error. Affirmed.

This case concerns a contract between the parties for the recovery and delivery by the plaintiff to the defendant of a lot of stranded cotton, carried away from the Moody & Co. compress at Galveston, Tex., by the memorable storm of August 16, 1915, and scattered along the coast on the mainland opposite Galveston. The case was once before here, where the judgment below, dismissing plaintiff's action, was reversed, 249 Fed. 602, 161 C. C. A. 528. The defendant, Herring, claimed to have lost cotton which had been stored in the compress of Moody & Co., and authorized the plaintiff, Moller, in writing, on September 2, 1915, to "collect as much as possible, agreeing to pay salvage therefor at $10 per bale for same f. o. b. cars." Plaintiff proceeded on this authority, and picked up and assembled at Alta Loma, Tex., 578 bales of stranded cotton. Sixty-eight bales were actually delivered f. o. b. cars and received by the defendant September 3d. Fifty-two bales more were loaded on cars at Alta Loma September 4th, but this lot, as well as the residue, 458 bales, which had not been loaded on cars, were not delivered to defendant, because same were impounded by a receiver of the United States District Court for the Southern District of Texas in an equity cause therein begun on the 3d day of September, 1915, in which cause, on the same day, a receiver for all the stranded and lost cotton was appointed. It is admitted that the receiver, under orders of the court, took possession of all the cotton collected by the plaintiff and his agents under the agreement, except the 68 bales admitted to have been received by the defendant. The defendant was impleaded in the equity cause for 68 bales of cotton he had received from the plaintiff, and refused to pay the plaintiff for any cotton, including the 68 bales which had been delivered by the plaintiff.

The plaintiff, also impleaded in the equity cause, answered, asserting his lien for salvage, and was awarded, in due course, by the court $2.50 per bale for 510 bales which the receiver had taken over. Subsequently plaintiff brought this action against the defendant for $4,505, claimed as a balance due him for 578 bales of the cotton salved by him at the instance of the defendant, less the salvage award of $1,020 on 510 bales seized by the receiver.

The substantial facts are not controverted, except that plaintiff claims actual delivery to the defendant of 120 bales, while the defendant insists that 52 bales of this lot were not loaded "f. o. b. cars" as required by the contract, and besides was seized by the receiver before shipment. The plaintiff's action, therefore, is based on the theory that he had a subsisting contract with defendant for the salvage of as many as 1,000 bales of cotton; that he recovered 578 bales and made delivery of the same to the defendant,

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

or to the receiver, whom plaintiff characterizes as defendant's agent. The defendant insists that the agreement was wholly abrogated by the court's intervention and rightful possession of the cotton through its receiver. The parties, by stipulation, waived a jury, and, after adducing much testimony, submitted the cause on final proofs, and the court found that the plaintiff had delivered to the defendant 120 bales of cotton under the contract, for which he was entitled to $10 per bale for that amount, less an award of $2.50 per bale for the 52 bales loaded on cars which were seized by the receiver before shipment, thereupon rendering a general judgment in favor of the plaintiff for $1,070, with interest from September 4, 1915, at 6 per cent. per annum. The plaintiff, dissatisfied with this judgment, sued out his writ of error to this court, and assigns as error, generally, the judgment in his favor for $1,070, which was less than what he claimed under the contract for the amount of cotton recovered and delivered to defendant or the receiver, to wit, 578 bales. Defendant filed cross-assignments, and cites as error the judgment against him, and particularly the sum of $7.50 per bale allowed the plaintiff for the 52 bales loaded on cars, and which the receiver seized before shipment. But these assignments cannot be considered for reasons stated hereafter.

Maco Stewart and Albert J. De Lange, both of Galveston, Tex., for plaintiff in error.

Elliott Cage, of Houston, Tex., for defendant in error

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

SHEPPARD, District Judge (after stating the facts as above). [1] The plaintiff complains by his general assignment that the court erred in giving judgment in his favor for only $1,070, and allowing him only $7.50 per bale for 52 bales loaded on cars, and disallowing his claim in toto on 458 bales delivered to the receiver.

It has been seen that plaintiff claims damages for a breach of contract, but the contract required a delivery of the cotton "f. o. b. cars," and it is plain that there was delivery of only 68 bales in the manner specified in the contract. That further delivery, as contemplated by the parties, was prevented, does not appear to have been due to any fault of the defendant. The law intervened at the instance of other parties, and the court took jurisdiction of the subject-matter, and possession, by its receiver, of the cotton collected by plaintiff. The receiver, of course, was the representative of the court, and could not be in any sense the representative of the defendant. Wiswall v. Sampson, 14 How. 64, 65, 14 L. Ed. 322; Metcalf v. Barker, 187 U. S. 175, 23 Sup. Ct. 67, 47 L. Ed. 122. The plaintiff and defendant were both impleaded in the equity cause, which sought to impound the cotton, and both were under the legal duty to attorn to the court and abide the judicial determination as to rightful claimants to the property. The lot of 52 bales, which was loaded on cars the same day as the appointment of the receiver and by him intercepted, as well as the other cotton assembled by plaintiff for shipment, from that time on was in custodia legis, and the performance of the contract rendered impossible. The appointment of the receiver was impliedly an injunction against any interference with the custody of the cotton.

A distinction, it has been said, must be taken between cases for specific performance of a contract and those in which damages are sought

for the nonperformance of a contract. The bare fact that the court can decree and enforce the specific performance of the contract shows that its performance is not impossible. But when the contract cannot be specifically performed, and the only remedy is by way of damages, the court will not inflict damages, if the breach for which damages are sought has been occasioned by the law. In such cases it appears the doctrine of damnum absque injuria applies. It is a very well settled rule of law that, if performance is rendered impossible by act of God, the law, or the other party, it is a sufficient excuse. Dermott v. Jones, 2 Wall. 1, 17 L. Ed. 762; Malcomson v. Wappoo Mills et al. (C. C.) 88 Fed. 680; Kansas Union Life Insurance Co. v. Burman, 141 Fed. 848, 73 C. C. A. 69.

[2] Defendant's assignments are not predicated on a writ of error sued out at his instance. It is settled law that on a writ of error sued out on appeal taken by plaintiff to review a judgment rendered for defendant assignments by the latter in the same record cannot be considered. The rule was early announced in The Maria Martin, 12 Wall. 40, 20 L. Ed. 251.

"Both parties in a civil action may sue out a writ of error to a final judgment, but where one party only exercises the right the other cannot assign error in the appellate court." Paully Jail Building & Manufacturing Co. v. Hemphill Co., 62 Fed. 698, 10 C. C. A. 595; Building & Loan, etc., of Dakota v. Logan, 66 Fed. 827, 14 C. C. A. 133.

While the defendant's errors may not be considered, the plaintiff has no ground to complain of the judgment.

For the reasons indicated, the judgment must be affirmed; and it is so ordered.