FELDWIN REALTY CO., a corporation of the State of New Jersey, Plaintiff,

v.

UNITED STATES of America, and Joseph F. J. Mayer, District Director of Internal Revenue, Defendants.

Civ. A. No. 436-57.

United States District Court
D. New Jersey.

Dec. 11, 1959.

Harkavy & Lieb, by Jerome S. Lieb, Newark, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., by Barbara A. Morris, Asst. U. S. Atty., Newark, N. J., for government.

HARTSHORNE, District Judge.

In its previous opinion in this cause, Feldwin Realty Co. v. United States, D.C. N.J.1959, 169 F.Supp. 73, 76, this Court stated:

"Both because there was a contract implied in fact between the parties hereto, to pay for the premises used for the storage of the taxpayer's property levied on, and because there was a taking of plaintiff's property without just compensation, the defendant Government is liable to pay therefor. As to the quantum of such payment, and the effect thereon of the lock placed upon the premises by the taxpayer's receiver in bankruptcy, on top of the locks placed thereon first by the landlord and thereafter by the Government, counsel have agreed that these issues are to be determined subsequent to this determination of liability, as above."

Thereafter, a hearing occurred "as to the quantum of such payment" by the Government to the landlord plaintiff "for the premises used for the storage of the taxpayer's property levied on." The reasonable value of the use and occupation of such premises for storage at that time was fixed without dispute at $1,550 per month. The hearing was concerned primarily with the period for which such

payment was due plaintiff by the Government.

The facts in that regard were that the Government made its tax levy on August 14, 1956, the Government then placing its padlock on the premises over the padlock of the plaintiff landlord. A week later, on August 21, 1956, after the tenant had gone into bankruptcy, his bankruptcy receiver padlocked the premises on top of the padlocks of the landlord and the Government, the usual restraints having been issued by the Bankruptcy Court. All these padlocks remained on the premises until November 16, 1956. But, while the Government, of course, desired to sell under its above levy, it made no application to have the padlock of the bankruptcy receiver removed until November 13, 1956, at which time the receiver applied to the Bankruptcy Court for leave to sell the tenant bankrupt's personal property. To this application the Government objected. Its objection was promptly sustained by the Referee, who on November 16, 1956 ordered the receiver to remove its padlock, and authorized the Government to proceed with its sale.

Such being the facts, plaintiff landlord contends that, in view of the implied contract between it and the Government to pay for storage until the Government could realize on its levy, the defendant Government is liable to it for rent until such time as it realized on such levy by sale, i. e., December 21, 1956. Defendant Government, on the other hand, contends that, since it could not use such premises to sell the property levied on after the receiver had put the final padlock on the premises, the Government is liable only from the time it padlocked the premises on August 14, 1956 to August 21, 1956, and from November 16, 1956 to December 21, 1956, omitting the period when the receiver in bankruptcy maintained his padlock on the premises. The Government largely relies upon the doctrine of impossibility of performance, citing a series of cases.[1] However, all these cases show that this principle is applicable only when, as in Moller, the impossibility "does not appear to have been due to any fault of the defendant," or, as in Barbre, the impossibility was one "for which the promissor is in nowise responsible," or, as in Pacific Trading Co., the impossibility was "not due to the fault of either party," or, as in Bodek, "upon any other default upon its [Ryan's] part." Here, on the other hand, the facts clearly show that the Government's inability to carry out its levy by sale was definitely the Government's own fault in its failure to ask for the relief to which it was entitled. For the minute the Government called the situation to the attention of the Bankruptcy Court on November 13, 1956, that court promptly removed the bankruptcy receiver and his padlock from the premises, and within three days had entered an order placing the Government in possession. Obviously, this very remedy, to apply to the Bankruptcy Court and obtain controlling possession of the premises, lay open to the Government from the very moment the receiver had applied his padlock on August 21, 1956. It was clearly the Government's own fault in not exerting its rights that it could not promptly carry out its levy and discharge itself of its liability to pay the plaintiff landlord for the use and occupation of the premises. Restatement, Contracts, § 458, see especially Illustration 3 therein. Further, it is well to note that throughout the period in question the Government made no attempt to remove its padlock, nor did it remove its own property which it was storing on the premises, in addition to the bankrupt tenant's property on which it had levied.

Of course, the Government may not be without recourse as against the bankrupt's estate, whose receiver committed the wrong in the first place. But that wrong of the receiver interfered, not

1. Including Moller v. Herring, 5 Cir., 1919, 255 F. 670, 671, 3 A.L.R. 624; Colonial Trust Co. v. Bodek, 1931, 108 N.J.Eq. 584, 155 A. 799, 801; Operators' Oil Co. v. Barbre, 10 Cir., 1933, 65 F.2d 857, 862; Pacific Trading Co. v. Mouton Rice Milling Co., 8 Cir., 1950, 184 F.2d 141, 148.

with the landlord plaintiff, but with the acts of the use and occupation tenant, the Government. The tenant Government, having taken possession of the premises from the landlord, was responsible to the landlord for the value of its use and occupation until it redelivered same to the landlord.

The facts herein stated and the conclusions of law herein expressed shall be considered the findings of fact and the conclusions of law required by F.R.Civ.P. 52, 28 U.S.C.

An order may be entered accordingly.