No. 4006

Second Circuit

FOX FILM CORP. v. BUCHANAN

(July 14, 1931. Opinion and Decree.)

Rosen, Kammer, Wolff & Farrar, of New Orleans, and John J. Peters, of Winnfield, attorneys for plaintiff, appellant.

E. E. Kidd, of Winnfield, attorney for defendant, appellee.

McGREGOR, J. This is a suit brought by the plaintiff, Fox Film Corporation, against the defendant, C. Buchanan, based on defendant's breach of three certain contracts entered into by the parties, by the terms of which defendant agreed to exhibit certain talking moving pictures named therein, and at the prices agreed upon and set forth in the contracts. The plaintiff is engaged in the production and distribution of talking motion picture films throughout the United States for and to theater owners. On June 3, 1929, defendant, C. Buchanan, was the owner and operator of the Buck's Theater in the town of Winnfield, and as such entered into the three said contracts with plaintiff, in which he obligated himself, among other things, to reproduce and exhibit in his theater thirty-five Fox Sound Entertainment prints, twelve Fox Movietone and Sound All-talking Production prints, and one Fox Movietone Follies print, at times to be agreed upon as set forth in the contracts and at prices stipulated therein. The aggregate sum which the defendant agreed to pay plaintiff for the pictures named in the said contracts amounted to $1,125. The defendant accepted one picture under the contract and paid the stipulated price therefor. He then sold his theater to his son, Fred Buchanan, without the latter assuming the three contracts which had been entered into as above set out. Both the defendant and his vendee refused to reproduce or exhibit any more of the pictures or features enumerated in the contracts.

In order to simplify their business and for their mutual protection, practically all of the motion picture producers and distributors of America have adopted a standard exhibit contract which is used by them all in their dealings with theater owners

for the reproduction and exhibition of pictures of any and all kinds. In this contract there are twenty-two separate provisions, one of which, the eighteenth, provides for compulsory arbitration without resort to any court to determine, enforce or protect the legal rights granted in the contracts. It specially provides that the parties will abide by and forthwith comply with any decision or award of the board of arbitration, and that such decision or award shall be enforceable in any competent court.

The contracts involved in this case were on this standard form, so when the defendant refused to reproduce or exhibit the rest of the pictures and features enumerated in the contracts, the plaintiff referred the entire matter to the board of arbitration at New Orleans. There was another difference between the parties which is not included in this suit, but which was referred to the board of arbitration at the same time. The plaintiff secured an award of $1,244 in its favor against the defendant. The defendant refused to pay any portion of this award and as a consequence the plaintiff has filed this suit for the balance due it under the three contracts named. The suit is not based on the award as such, but upon the contracts themselves. The fact of the submission of the dispute to the board of arbitration is mentioned in the suit, not as a basis of the demand, but to show that the plaintiff has complied with all the conditions and provisions of the contracts.

The defendant filed an answer to the plaintiff's suit which needs no statement or consideration at this time for the reason that subsequently he filed an exception of no cause or right of action, based on the theory that the three contracts sued on are violative of the acts of Congress concerning trusts and contracts made in restraint of trade. This exception was referred to the merits and the trial was proceeded with. In the course of the trial plaintiff offered in evidence the three contracts sued on. These offerings were objected to by counsel for the defendant on the ground that the contracts in question are violative of the act of Congress known as the Sherman Anti-trust Bill (15 USCA, sections 1-7, 15), and that they are contracts made in restraint of trade and, therefore, null and void and inadmissible. The court sustained the objection and excluded the contracts, and then sustained the exception of no cause of action and dismissed the suit at plaintiff's cost, and a judgment to that effect was signed. From that judgment the plaintiff has appealed. The defendant and appellee has made no defense of the judgment in this court and has filed no brief.

## OPINION

As stated above, the defendant's exception of no cause of action is based on the theory that the three contracts sued on are violative of the act of Congress known as the Sherman Anti-trust Law and are, therefore, contracts in restraint of trade and that, if the contract contains any provision that is violative of the said law, the entire contract is null and void and of no effect, and a party to such contract has no standing in court to enforce any of its provisions. The uniform contract that has been adopted by the plaintiff and all other producers and distributors of motion pictures in the United States has been declared by the Supreme Court of the United States to be illegal in one of its provisions, the eighteenth, for the reason that this provision is violative of the Sherman Anti-trust Law in that it is to that extent a contract in restraint of trade. The case in

which the question arose is styled United States v. Paramount Famous Lasky Corporation et al., and was brought by the United States in the District Court for the Southern District of New York. The opinion in the case, which is reported in 34 Fed. (2d) 984, was handed down by Judge Thacher and is a very able discussion of the matter. Subsequent to the rendition of this opinion, Judge Thacher issued a similar decree or judgment which specifically held that the eighteenth provision of the said uniform contract and all activities and agreements entered into for the purpose of enforcing it constitute a conspiracy in restraint of trade in violation of the Sherman Anti-trust Act, and that, therefore, the said provision is illegal and unenforceable. But he did not declare or decree that the entire contract was stricken with nullity because of the inclusion of this illegal provision. On the contrary, article 3 of the decree specially provides:

"Nothing contained in this decree shall be construed as prohibiting any defendant or any member of any defendant Film Board of Trade from performing and/or continuing to perform, or enforcing and/or continuing to enforce, by any lawful means any contractual obligation the performance or enforcement of which is consistent with the provisions of this decree."

Reading the opinion and decree together it is clear that the court never intended to restrict the right of action to enforce the obligations lawfully assumed in the said uniform contract. The provision for compulsory arbitration is simply a means provided for the enforcement of the obligations of the contract and the fact that that provision has been declared to be illegal does not deprive the parties to the contract of the means provided by law for the enforcement of all the obligations legally assumed. The defendants are enjoined from enforcing the arbitration provision, but nothing in the decree would affect the prosecution of a claim such as the plaintiff herein is asserting against the defendant.

The defendants appealed from the decree in the above cited case to the Supreme Court of the United States, and with Justice McReynolds as the organ of the court, the decree as handed down by the district court was affirmed. We have been referred to no other case in which the legality of the uniform contract has been attacked, nor has any suggestion been made that any provision of the contract other than the eighteenth is illegal.

In a recent case similar to this one in the Supreme Court of Erie county, New York, styled Fox Film Corporation vs. Aprile, the court said:

"The Federal Court has forbidden the enforcement of the arbitration agreement set forth in the contract entered into between the parties. That Court has determined the illegality of the trust and restrained its continuance. But nothing in its decree forbids or interferes with the prosecution of the claim of the plaintiff herein."

The case of Paramount Famous Lasky Corporation v. National Theater Corporation (no opinion), brought in the United States District Court, for the Western District of Virginia, and appealed to the United States Circuit Court of Appeals, Fourth Circuit, is very similar to the one now under consideration. In this case, the plaintiff filed suit; alleging a breach of contract for the distribution of certain motion picture films which the plaintiff furnished and for which the defendant agreed to pay, but failed and re-

fused to do so. The contract in that case was written on the standard form, which included provision 18, being the same provision that was declared illegal by the Supreme Court of the United States in the case cited above. The defendant filed a demurrer, alleging that the plaintiff could not maintain the action because it had failed to comply with a condition precedent to suit, in that it had not submitted the matter in controversy to arbitration in accordance with the eighteenth provision of the contract. In answer to this demurrer the plaintiff contended that, since the said provision had been declared to be illegal and violative of the laws of the United States, since plaintiff had been enjoined from proceeding to act under it, and since, because of this decree of the court and the accompanying injunction, the board of arbitration had been dissolved and had ceased to function, the failure to submit the matter in controversy to arbitration was no bar to the prosecution of its claim against defendant under the general provisions of the law. The lower court held with the defendant and sustained the demurrer and dismissed the suit. From this ruling of the court the plaintiff appealed to the Circuit Court of Appeals, Fourth Circuit. In reversing the judgment of the lower court, Judge Northcott wrote an able and exhaustive opinion. 49 Fed. (2d) 64, 65. In referring to the decree in the case of U. S. v. Paramount Famous Lasky Corp., he said:

"In the decree, however, the court clearly shows that its action was directed at the arbitration clause alone, and was not intended to affect the rest of the contract, and, among other things, the decree provided:

" 'Nothing contained in this decree shall be construed as prohibiting any defendant * * * from performing and/or continuing to perform, or enforcing and/or continuing to enforce, by any lawful means, and contractual obligation, the performance or enforcement of which is consistent with the provisions of this decree.' "

In the case under consideration the defendant excepted because the plaintiff did comply with the provision relative to compulsory arbitration before that part of the contract had been declared illegal by the court, and in the case referred to above the defendant demurred because the plaintiff did not comply with this same provision after it had been declared illegal. The reasoning in each case is identical, and since Judge Northcott has covered the subject so correctly, we quote extensively from his opinion:

"The judge below sustained the demurrer on the ground that the arbitration provision was a condition precedent to the bringing of any suit on the contract, notwithstanding the injunction, which prevented arbitration, and based his opinion upon a number of authorities holding that, where the condition precedent to the bringing of suit was prevented from being carried out by some unlawful act of the parties seeking to set up the injunction as a reason for not carrying out the condition, the excuse or reason could not be availed of by the parties seeking to bring the action. An examination of the authorities relied upon by the court below shows that the act of the party making it impossible to carry out the condition precedent to suit was either a subsequent act or at least not the act itself of incorporating the unlawful condition in the contract sued upon. For instance, in 3 Williston on Contracts, sec. 1939, quoted by the judge below, the statement of the author unquestionably refers to the failure of the party to pay a debt, the thing happening after the contract was entered into. In Patton & Shaver v. Elk River Navigation Co., 13 W. Va. 259, the injunction was granted on account of the acts and default happening after the contract was entered into. In United States v. Van Fossen, 28 Fed. Cas. page 357, No. 16,607,

and a line of similar cases cited by the judge below (Taylor v. Taintor, 16 Wall. 366, 370, 21 L. Ed. 287; United States v. Marrin (D. C.) 170 F. 476), it was the voluntary act of the man enlarged on bail in going into another jurisdiction where he was arrested, and his own fault, that prevented him from answering on his bond. These cases are easily to be distinguished from the instant case, where a clause of the very contract itself entered into by both parties has been declared unlawful and enjoined. Certainly, it cannot be said, especially in view of the clause in the decree above quoted, exempting the rest of the contract from the taint of unlawfulness, that the whole contract is void, and that in case of breach by either party no remedy could be had.

"The record also shows that, because of the injunction secured by the United States government, the machinery for arbitration set up in the contract had ceased to exist, and the rule that an act of law, due to the act or default of one of the parties, cannot be relied upon as an excuse for his nonperformance of the contract, has no application to the facts in this case. People v. Globe Mutual Life Ins. Co., 91 N. Y. 174; Kansas Union Life Ins. Co. v. Burman (C. C. A.) 141 F. 835, 848; Moller v. Herring (C. C. A.) 255 F. 670, 3 A. L. R. 624. See, also, 3 Williston on Contracts, p. 3295.

"It would, therefore, seem, in view of the cases herein cited, that the proper rule of law is that, where the obligation itself is unlawful and cannot be performed, such performance should be excused, provided the contract is divisible and the remainder of the contract is lawful. It is certainly an anomalous situation in which this plaintiff finds itself under the ruling of the court below. It is enjoined from performing a condition precedent, but no relief is accorded it, because it does not perform the condition.

"Again we think that the learned judge below was in error for another reason, and that is that the contract, as far as it related to the lawful and unlawful parts, was divisible. That this was the opinion of Judge Thacher, in the case of United States v. Paramount Famous Lasky Corporation, supra, is shown by the excerpt from his decree. That such a provision

as the one in question here, is separable from the rest of the contract, is borne out by a number of decisions. Western Union Telegraph Co. v. Pennsylvania Co. (C. C. A.) 129 F. 849, 68 L. R. A. 968; (Rederiaktiebolaget) Atlanten Case (D. C.) 232 Fed. 403; United States Asphalt Co. v. Trinidad Lake Petroleum Co. (D. C.) 222 F. 1006; The Eros Case (C. C. A.) 251 F. 45. As to the arbitration clause, see The Fredensbro (D. C.) 18 F. (2d) 983; Danielson v. Entre Rios Rys. Co. (D. C.) 22 F. (2d) 326.

"The authoritative rule as to separable or divisible contracts is laid down by Lord Mansfield, in Boone v. Eyrne, 6 Term Reports 573, as follows: 'Where mutual covenants go to the whole of the consideration on both sides, they are mutual covenants: but where the covenants go only to a part and where a recompense may be had in damages, it is a different thing.'

"It has been expressly held that, where agreements in restraint of trade were unlawful in part, they were enforceable as to the parts that were not unlawful, and this holding runs back to the earliest authorities. Mallen et al. v. May, 11 M. & W. 653, 12 L. J. Ex. 376; Price v. Green, 16 M. & W. 346, 16 L. J. Ex. 108. See, also, Daniels v. Tearney, 102 U. S. 415, 26 L. Ed. 187; Chicago, etc., Co. v. Pullman, etc., Co., 139 U. S. 79, 11 S. Ct. 490, 35 L. Ed. 97; McCullough v. Virginia, 172 U. S. 102, 19 S. Ct. 134, 43 L. Ed. 382."

The judgment sustaining the demurrer was reversed and the case was remanded to the lower court for trial.

In the case of Metro-Goldwyn-Mayer Dist. Corp. v. Bi-Metallic Inv. Co., in the District Court of the Second Judicial District of the State of Colorado (decision unreported), the court, referring to the decree of the United States District Court for the Southern District of New York in the case of United States of America v. Paramount Famous Lasky Corporation et al., supra, in which the Metro-Goldwyn-Mayer Dist. Corp. was one of the defendants, said:

"By the express terms of the injunction, the defendant therein (the plaintiff herein) was not deprived of its duty to perform or right to enforce, by any lawful means, any contractual obligation, consistent with the provisions of the decree."

The doctrine applied to this case is well expressed in Corpus Juris as follows:

"It is no defense to an action for goods sold and delivered that plaintiff was a member of an illegal trust or combination to interfere with the freedom of trade and commerce, since the illegality of the combination was collateral to the contract of sale, and could not taint it with illegality or make it contrary to public policy." 13 Corpus Juris, 503.

The case of Columbia Picture Corporation v. Bi-Metallic Investment Co. (D. C.) 42 F. (2d) 873, 874, is on all fours with the case at bar. A demurrer similar to the exception in this case was filed, and in overruling it Judge Symes said:

"Counsel for defendant, in support of the demurrer, argues that the contract is illegal, violates the Sherman Anti-Trust Act (15 USCA, sections 1-7, 15), having been used in furtherance of a conspiracy in restraint of trade, and that no cause of action can arise for the alleged breach of the same. * * *

"Counsel, in support of the demurrer, rely upon United States v. Paramount Famous Lasky Corp. (D. C.) 34 F. (2d) 984. In that case Judge Thacher held that section 18 providing, as it does, for compulsory arbitration, and fostered by an understanding between the distributors that any exhibitor, whether or not a party to the agreement adopting the form of contract, who should not abide by the terms of the same, would not receive films from other distributors, was evidence of a conspiracy in restraint of trade in violation of the Sherman Anti-Trust Act (15 USCA, sections 1-7, 15). The action was in equity, brought by the United States against the Paramount Famous Lasky Corporation and others to enjoin a conspiracy in restraint of trade. The court, for the reasons stated, held for the government.

"But Judge Thacher's able discussion and the law of that case are not in point here. This is a suit at law on contract between private parties. Eliminating section 18, the contract is clearly one that the parties might lawfully enter into. This action, reduced to its simplest terms, is to recover the agreed price for goods sold and delivered. The arbitration clause is not invoked nor referred to in complaint, and unless brought to the attention of the court by pleadings not yet filed, is not necessary to a decision of the issues presented by the bill, which on demurrer are to be taken as true. As the pleadings stand now, the defendant owes the plaintiff an agreed amount as rent or license fees for pictures it refused to take and pay for, in violation of the contract. * * * "The attack here is collateral. Granting that the arbitration clause is all that is claimed, the point is immaterial, unless it later appears that the plaintiff must rely upon it in order to prove his case."

It is admitted that provision 18 of the contract is illegal and violative of the Sherman Anti-trust Act, and that the arbitration board provided for has ceased to function. The defendant takes the position that, since the contracts contained this illegal provision, the remaining portions cannot be enforced as valid. Under the express stipulations of the decree of the court in the case of United States v. Paramount Famous Lasky Corporation, the plaintiff is not enjoined or prohibited from enforcing any obligation of the contracts, the enforcement of which is not inconsistent with the said decree. Where the object and the consideration of a contract are good and the contract provides an unlawful means of enforcing it, the parties are not prohibited from enforcing it in the courts under the laws provided for the same. The elimination of the arbitration provision of this contract does not leave the plaintiff free to refuse to furnish the pictures called for, nor could the defendant refuse either to take or pay

for the same. The essence of these contracts is that the plaintiff agreed to furnish certain pictures and the defendant promised to exhibit and pay for them. They both agreed that in case differences should arise these should be referred to a board of arbitration and that the award of this board would be binding and that any action brought in court could be based on this award. This provision for arbitration has been eliminated from the contract by the court, but this fact does not destroy the rights or obligation of either party, nor does it take from them the right to resort to the courts to enforce their respective rights under the contract. To hold otherwise would be tantamount to holding that a defendant could keep the goods or property of a plaintiff in all cases where the parties had agreed upon unlawful means for the enforcement of plaintiff's rights, even though the object and consideration were both legal in all other respects. In this case the contracts are complete in themselves after the elimination of the illegal provision for compulsory arbitration. Therefore, the parties are as free to resort to the courts for the enforcement of their rights thereunder as if the said illegal povision had never been incorporated therein. The exception should have been overruled and the plaintiff should be allowed to introduce in evidence the contracts with the elimination of the illegal eighteenth provision.

For the reasons assigned, it is hereby ordered, adjudged and decreed that the judgment appealed from be and the same is hereby avoided, annulled and reversed, and the case is remanded to the lower court for further proceedings in accordance with the views hereinabove expressed; the defendant to pay the costs of this appeal and all other costs to await the final determination of the cause.