Universal Film Exchanges, Inc., v. West.

(Division B. April 26, 1932.)

[141 So. 293. No. 29973.]

**H. E. McCully,** and **H. L. Rodgers** (of Rodgers & Priscock), both of Louisville, for appellant.

**E. M. Livingston,** of Louisville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellant, Universal Film Exchanges, is a corporation under the laws of Delaware, and is engaged in the business of the distribution of motion picture films in

interstate commerce. One of its distribution branches is located in Memphis, Tenn., and the corporation through its said branch entered into three contracts with appellee, which contracts are the subject-matter of this action. Appellee is an exhibitor at Louisville, in this state. The contracts are annexed in full with the declaration.

The declaration, taking the pleadings strongest against the pleader, as the rule requires, does not aver that any of the films contracted for had been actually delivered to, and used by, the exhibitor; wherefore the cases, McCall Co. v. Hughes, 102 Miss. 375, 59 So. 794, 42 L. R. A. (N. S.) 63, and McCall Co. v. Parson, etc., Co., 107 Miss. 865, 66 So. 274, cannot be made to apply. The case must be considered therefore as involving a refusal to accept, and to pay for, the films, and for the other service contracted to be furnished. Nor does the declaration specify what amount of damage is to be laid to the account of each of the contracts sued on. The charge is that the defendant breached the contracts and the demand was for one sum of three hundred and sixty-eight dollars and seventy-eight cents for the breach of the said contracts without any apportionment to the three contracts severally considered.

All three of these contracts carried an arbitration section, and in one of them the arbitration section is in the identical words of the eighteenth or arbitration section which is copied in the margin of the report of the case, Paramount Famous Lasky Corporation v. United States, 282 U. S. 30, 51 S. Ct. 42, 43, 75 L. Ed. 145, and which section or arbitration provision was in that case declared by the federal Supreme Court to be in violation of the Sherman Anti-Trust Act (15 USCA secs. 1-7, 15). It is conceded by appellant, in the case at bar, that the said arbitration section is violative of law, but appellant contends that the said illegal portion of the contract can be severed from the legal portions, and the latter enforced without taking into consideration the illegal part. In

order to obtain a clearer view of whether this may be done, we copy here the said eighteenth or arbitration section:

"Eighteenth. The parties hereto agree that before either of them shall resort to any court to determine, enforce or protect the legal rights of either hereunder, each shall submit to the Board of Arbitration (established or constituted pursuant to the Rules of Arbitration filed with the American Arbitration Association, 342 Madison Avenue, New York City, bearing date May 1, 1928 and identified by the signatures of the Contract Committee appointed at the 1927 Motion Picture Trade Practice Conference, a copy of which will be furnished to the Exhibitor upon request) in the city wherein is situated the exchange of the Distributor from which the Exhibitor is served or if there be no such Board of Arbitration in such city then to the Board of Arbitration in the city nearest thereto (unless the parties hereto agree in writing that such submission shall be made to a Board of Arbitration located in another specified city), all claims and controversies arising hereunder for determination pursuant to the said Rules of Arbitration and the rules of procedure and practice adopted by such Board of Arbitration.

"The parties hereto further agree to abide by and forthwith comply with any decision and award of such Board of Arbitration in any such arbitration proceeding, and agree and consent that any such decision or award shall be enforceable in or by any court of competent jurisdiction pursuant to the laws of such jurisdiction now or hereafter in force; and each party hereto hereby waives the right of trial by jury upon any issue arising under this contract, and agrees to accept as conclusive the findings of fact made by any such Board of Arbitration, and consents to the introduction of such findings in evidence in any judicial proceeding.

"In the event that the exhibitor shall fail or refuse to consent to submit to arbitration any claim or controversy arising under this or any other Standard Exhibition Contract which the Exhibitor may have with the Distributor or any other distributor or to abide by and forthwith comply with any decision or award of such Board of Arbitration upon any such claim or controversy so submitted, the Distributor may, at its option, demand, for its protection and as security for the performance by the Exhibitor of this and all other existing contracts between the parties hereto, payment by the Exhibitor of an additional sum not exceeding five hundred dollars under each existing contract, such sum to be retained by the Distributor until the complete performance of all such contracts and then applied, at the option of the Distributor, against any sums finally due or against any damages determined by said Board of Arbitration to be due to the Distributor, the balance, if any to be returned to the Exhibitor; and in the event of the Exhibitor's failure to pay such additional sum within seven (7) days after demand, the Distributor may by written notice to the Exhibitor suspend service hereunder until said sum shall be paid and/or terminate this contract.

"In the event that the Distributor shall fail or refuse to consent to the submission to arbitration of any claim or controversy arising under this or any other Standard Exhibition Contract providing for arbitration which the Distributor may have with the Exhibitor, or to abide by and forthwith comply with any decision or award of such Board of Arbitration upon any such claim or controversy so submitted, within the number of days specified in Article Twenty-Second opposite the name of the City in which such Board of Arbitration is located, the Exhibitor may at his option terminate this and any other existing contract between the Exhibitor and the Distributor by mailing notice by registered mail within two (2) weeks after such failure or refusal, and in addition the Dis-

tributor shall not be entitled to redress from such Board of Arbitration upon any claim or claims against any exhibitor until the Distributor shall have complied with such decision, and in the meanwhile the provisions of the first paragraph of this Article Eighteenth shall not apply to any such claim or claims.

"Any such termination by either party, however, shall be without prejudice to any other right or remedy which the party so terminating may have by reason of any such breach of contract by the other party.

"The provisions of this contract relating to arbitration shall be construed according to the law of the State of New York."

In the determination of the question whether the illegal portion of a contract may be severed from the remainder, it is not permissible to simply strike out and wholly disregard the illegal portion as if it had never been a part of the agreement. McMullen v. Hoffman, 174 U. S. 639, 19 S. Ct. 839, 43 L. Ed. 1117. On the contrary, the illegal as well as the legal portions must be taken into view and thereupon the question, to state it tersely, is whether there is a vital connection between the illegal portion and the other portions. Another statement of the rule is that even though it might be possible to sever the illegal from the legal portion of the contract, yet, if there are no means by which to ascertain whether the promise was induced by the legal or illegal portion, the entire contract will be held illegal if one of the material elements thereof is unlawful. 3 Elliott Contracts, pp. 350, 351. Here we have a case before us which falls not only within the rule as last stated, but which comes within the rule of vital connection first mentioned; for it is expressly stipulated in the contract, and here we call particular attention to the third paragraph of the eighteenth or arbitration section of the contract copied above, that, unless the said unlawful provision shall be complied with by the exhibitor, the distributor shall have the right to

terminate the contract. In other words, the contract expressly provides that, unless the exhibitor shall be bound by and shall observe the illegal portion of the agreement, the distributor shall not be bound by any of the said contract, but may wholly terminate it. Therefore the illegal portion inseparably and vitally connects itself with all the other parts, and, in consequence, the illegal portion infects the entire contract with illegality.

Affirmed.