# Metro-Goldwyn-Mayer Distributing Corporation v. Smith et al.

*J. Perry Eckels* and *Martin Silverman,* for plaintiff.

*Thomas & Kiebort* and *Oliver K. Eaton,* for defendants.

KENT, P. J., September 6, 1932.—The plaintiff, Metro-Goldwyn-Mayer Distributing Corporation, is a corporation organized and existing under the laws of the State of New York, licensed to transact business in the State of Pennsylvania, engaged as a distributor in licensing the exhibition, distribution and reproduction of photoplays, and herein seeks to recover from defendants, owners and operators of a motion picture theatre in Meadville, Pa., known as the Park Theatre, as exhibitor of such reproductions, the sum of $10,165, alleged to be due under and by virtue of certain written contracts, as license fees for permits to exhibit or reproduce certain photoplays.

These written contracts, as we read them, are what are known as the standard motion picture exhibit contracts, copies of which are attached to and made a part of plaintiff's statement of claim.

The record discloses that plaintiff filed with its præcipe for a summons its statement of claim, which was duly and legally served upon defendants by the Sheriff of Crawford County, and that thereafter defendants filed an affidavit of defense generally to the merits of all the averments contained and set forth in the said statement of claim.

A careful reading of these pleadings thus far convinces us that there are a number of disputed facts involved, such as would necessitate a trial by jury for their determination.

In addition to the general averments and contradictions as contained in the affidavit of defense, defendants aver and set up new matter which, in our opinion, is completely answered by plaintiff in its reply to new matter. As we view these latter pleadings, the questions of agency, and the illegality of the contracts, as well as the violation of certain contracts by the plaintiff, are placed at issue.

Plaintiff avers and contends that one Sam E. Blyer was the general manager and authorized agent of defendants, with authority to execute the contracts in question. Such agency and authority is absolutely denied by defendants, thereby, as we view the matter, establishing another question to be passed upon by a jury.

Defendants also aver the furnishing of certain photoplays or pictures to another exhibitor in the said city of Meadville, Pa., in violation of the terms and conditions of the contract. This averment is likewise denied by plaintiff, which, in our opinion, raises such a question of fact as would require a trial by jury.

In relation to the illegality of the contracts, defendants contend that the contracts upon which suit is brought are void, being involuntarily entered into as the result of an unlawful combination in restraint of trade, and rely for authority, as we understand it, upon the case of United States v. Paramount Famous Lasky Corp. et al., 34 F. (2d) 984, affirmed by the Supreme Court of the United States in 282 U.S. 30.

In the instant case, the contracts involved are the standard exhibition contracts of the motion picture trade.

Judge Thacher, in the above-mentioned case (United States v. Paramount Famous Lasky Corp. et al., as affirmed by the Supreme Court of the United States), holds that the eighteenth section of the contract, which requires compulsory arbitration of all disputes arising out of the agreement, is void. However, the opinion goes further, holding that nothing in the opinion should be construed as interfering with the performance or the enforcement by lawful means of any contractual obligation, the performance or enforcement of which is consistent with the provisions of the decree.

The court believes the contract to be a divisible one, and that notwithstanding clause 18, which was held illegal and in violation of the Sherman Anti-Trust Act, the balance of the contract is legal and enforceable.

In this connection, Judge Thacher in his decree states:

"Nothing contained in this decree shall be construed as prohibiting any defendant or any member of any defendant film board, from performing and/or continuing to perform, or enforcing and/or continuing to enforce by any lawful means, any contractual obligation, the performance of which, or enforcement of which, is consistent with the provisions of this decree."

By this, it seems clear that the court construed the balance of the contract to be legal and enforceable. Other decisions dealing with the legality of the Standard Exhibition Form Contract and supporting this same contention are Columbia Pictures Corp. v. Bi-Metallic Inv. Co., 42 F. (2d) 873, Gorris v. Pathé Film Exchange (Allegheny County, No. 2358, July Term, 1928), Paramount Famous

Lasky Corp. v. National Theatre Corp., 49 F. (2d) 64, and Fox Film Corp. v. Buchanan, 17 La. App. 285, 136 So. 197.

These decisions, as we read them, all hold that the contract is divisible, and it has been clearly held in Pennsylvania that where a contract is divisible and a part is void as being in restraint of trade but the other part legal, the legal portion of such agreement will be enforceable: Smith's Appeal, 113 Pa. 579; Monongahela River Consolidated Coal & Coke Co. v. Jutte, 210 Pa. 288.

Applying the reasoning of these decisions to the instant case, the result is that paragraph 18 is eliminated from the contract, but the contract is not thereby destroyed. This arbitration clause is collateral to the main agreement and can easily be subtracted without disturbing the purposes of the agreement. This we believe to be clearly established in Smith's Appeal, supra. Wherefore, we are of the opinion that defendants' motion for judgment on the entire pleadings and for want of sufficient reply to new matter must be dismissed.

### Order

Now, September 6, 1932, defendants' motion for judgment upon the whole record and for want of sufficient reply to new matter is dismissed, and rule to show cause granted thereon is discharged.

From J. Perry Eckels, Meadville, Pa.