[No. 25723.  Department Two.  November 22, 1935.]

METRO-GOLDWYN-MAYER DISTRIBUTING CORPORATION, *Appellant*, v. JOHN P. KIGGINS, *Respondent*.[1]

*Hall & Schaefer*, for appellant.

*D. Elwood Caples*, for respondent.

HOLCOMB, J.—Appellant is a producer and distributor of motion picture films and prints, and respondent was an exhibitor at Vancouver, Washington, at the time the contracts in this action were signed. These contracts were dated prior to October 15, 1929. The complaint of appellant contains several causes of action based on written contracts between it and respondent, copies of the contracts being attached to the complaint, wherein in each of them appellant agreed to license or rent to respondent, upon certain terms and conditions therein set forth and upon certain fixed rentals, a number of motion picture prints to be exhibited by respondent at his theater in Vancouver.

Respondent accepted, exhibited and paid for a number of prints covered by these contracts, and

[1]Reported in 51 P. (2d) 690.

thereafter, having sold his theater, refused to accept or pay for any more of the prints contracted for. He paid for all the prints he exhibited.

A written stipulation was entered into between the parties and filed in this cause, stipulating that the total amount due appellant from respondent, if the contracts were valid and enforcible at the time he refused to further perform his part of the contract, was $4,121, with interest at six per cent per annum from October 1, 1930, which he stipulated and agreed to be the correct amount due and owing. It was further stipulated that the contracts sued upon as forming the basis of the action herein are, in form and effect, identical with the Standard Exhibition Contract before the court in *United States v. Paramount Famous Lasky Corp.* (D. C.), 34 F. (2d) 984, and affirmed in *Paramount Famous Lasky Corp. v. United States,* 282 U. S. 30, 51 S. Ct. 42, and that the printed reports of those cases may be considered in evidence by the court in lieu of authenticated or certified copies thereof. That decree was filed October 15, 1929.

The trial judge, having tried the case without a jury, held that appellant should not be permitted to maintain an action permeated with the unconscionable terms and elements contained in these contracts; that he was content to rest his judgment on the authorities of *Fox Film Corp. v. Tri-State Theatres,* 51 Idaho 439, 6 P. (2d) 135, and *Fox Film Corp. v. C. & M. Amusement Co.* (D. C.), 58 F. (2d) 337, as there determined. He accordingly dismissed the action, with costs to respondent.

The contracts before us need not be set out at length. They have been the subject of much contrariety of opinion in both Federal and state courts. In the parent suit, *United States v. Paramount Famous Lasky Corp., supra,* which was a suit in equity in a

Federal district court in New York to restrain appellant in this case and others from engaging in a conspiracy in restraint of interstate trade and commerce and from violation of § 4 of the Sherman Anti-Trust Act (15 USCA §§ 4 and 1), the trial judge in that case, after an elaborate opinion, held that § 18 of the contracts in question, which was a provision for compulsory arbitration, violated the Sherman Anti-Trust laws and was void. That provision may be read, if desired, in that case, as well as in 282 U. S. 30, where the decree was affirmed.

The decision in the last cited case was exceedingly ambiguous, to say the least. The effect of it was that the decree of the court below was not inconsistent with the stipulated facts and "the challenged decree must be affirmed." What the original decree meant and what the United States supreme court meant in its decision, has been a matter of a great divergence of opinion between the courts, as heretofore stated.

In *Metro-Goldwyn-Mayer Distributing Corp. v. Bijou Theatre Co.*, 59 F. (2d) 70, the Federal circuit court of appeals for the first circuit, in an appeal from a judgment by a district judge in Massachusetts, 50 F. (2d) 908, reversed that decree and, among other things, held that the arbitration provision of the contract in question was separable from lawful portions of the contract; that, where mutual covenants go to whole consideration on both sides, they are mutual covenants, but where they go only to part, and recompense may be had in damages, the contract is divisible; and that agreements in restraint of trade, which are unlawful only in part, are enforcible as to parts that are not unlawful.

The only thing that has been definitely settled and conceded is that paragraph 18 of the contracts before us was void and unenforcible.

The following state and Federal courts have held the contracts separable and that the remainder of the contract can be enforced regardless of the compulsory arbitration clause: *Columbia Pictures Corp. v. Bi-Metallic Inv. Co.* (D. C.), 42 F. (2d) 873; *Paramount Famous Lasky Corp. v. National Theatre Corp.* (C. C. A.), 49 F. (2d) 64; *Metro-Goldwyn-Mayer Distributing Corp. v. Bijou Theatre Co.* 50 F. (2d) 908; *Fox Film Corp. v. Buchanan,* 17 La. App. 285, 136 So. 197; *Metro-Goldwyn Distributing Corp. v. Cocke,* 56 S. W. (2d) (Tex. Civ. App.) 489; *Fox Film Corp. v. Ogden Theatre Co.,* 82 Utah 279, 17 P. (2d) 294, 90 A. L. R. 1299.

On the contrary, the standard contract before us has been held indivisible and illegal throughout, in *Vitagraph, Inc., v. Theatre Realty Co.* (D. C.), 50 F. (2d) 907; *Fox Film Corp. v. C. & M. Amusement Co.* (D. C.), 58 F. (2d) 337; *Fox Film Corp. v. Tri-State Theatres,* 51 Idaho 439, 6 P. (2d) 135; *Universal Film Exchanges v. West,* 163 Miss. 272, 141 So. 293; *United Artists Corp. v. Piller,* 62 N. D. 289, 244 N. W. 20; *Fox Film Corp. v. Muller,* 192 Minn. 212, 255 N. W. 845, which also cites and approves *United Artists v. Odeon Building,* 212 Wis. 150, 248 N. W. 784.

Thus, the Federal courts of first instance and of intermediate appeal being in hopeless conflict as to what their own decisions mean, we are compelled to determine the matter, under what we consider the best reasoning of the courts.

In *Fox Film Corp. v. Ogden Theatre Co., supra,* the Utah supreme court took the ground that the compulsory arbitration clause dealt wholly with the method of procedure and was therefore separable from the body of the contract and fixes the obligation of the parties. We would be inclined to agree with that reasoning were it not for the fact that the pro-

cedure agreed upon between the parties was rendered wholly abortive and void by the decision in the parent case and its affirmance by the United States supreme court. That left nothing of the contracts that could be enforced, except what was, in a way, as was said by one of the Federal courts, nothing but "coercive matter." See *Fox Film Corp. v. C. & M. Amusement Co., supra.* In that case, the district court held that the illegal elements were inseparable from standard exhibition contracts precluding the film distributor's recovery against the exhibitor for the amount of the unperformed contract price.

In the case of *Fox Film Corp. v. Tri-State Theatres, supra,* the Idaho supreme court also held that the contracts in question, as signed by the parties, would carry into effect the coercion by an unlawful combination in restraint of trade, being not only an illegal contract, but illegally executed and therefore unenforcible. It further held that any contract which was unlawful under the Sherman Anti-Trust Law was unenforcible.

In *Universal Film Exchanges v. West, supra,* the supreme court of Mississippi held that the invalid arbitration section of the standard exhibition contracts was so vitally connected with the remainder of the contracts as to infect the entire contract with illegality and therefore was not severable.

We are thoroughly impressed with the reasoning of the courts which hold that the compulsory arbitration provision in the contracts before us, being admittedly illegal, is so vitally connected with the other portions of the contracts as to render them wholly illegal and unenforcible.

The judgment of the trial court is therefore affirmed.

BLAKE, MAIN, MITCHELL, and BEALS, JJ., concur.